## NEW ENGLAND NEWSPAPER PUB. CO. v. BONNER.
### No. 3025.

Circuit Court of Appeals, First Circuit.

May 25, 1935.

Francis P. Garland, of Boston, Mass. (Henry F. Hurlburt, Jr., Benjamin C. Perkins, and Hurlburt, Jones & Hall, all of Boston, Mass., on the brief), for appellant.

Joseph N. Welch, of Boston, Mass. (Lucius E. Thayer and Hale & Dorr, all of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from a judgment of the District Court of Massachusetts in an action of libel published by the defendant in the newspaper known as the Boston American. The plaintiff, Bonner, was originally the executive secretary of the Federal Power Commission at Wash-

ington, and, as such, had highly important duties to perform as the executive officer of the commission. He was charged in the libelous matter written in the form of a Mother Goose melody as having acted dishonestly, corruptly, and as having used his office to favor the so-called "Power Trust," and that he had stolen, secreted, mutilated, and destroyed certain incriminating documents from the files of the commission that would show he was the agent of the "Power Trust."

The declaration contained many other allegations along the same lines, with the usual allegations that the plaintiff had been greatly injured in his character and reputation, and had been brought into great public scandal, ridicule, contempt, and disgrace, and was greatly injured in his business and profession.

At the first trial, see (C. C. A.) 68 F.(2d) 880, the plaintiff recovered judgment for $50,000. On appeal to this court, because of the receipt of certain inadmissible evidence which did not bear on the liability of the defendant, but on the issue of damages, the judgment was reversed and the case was remanded to the District Court for a new trial, but limited solely to the issue of damages.

At the second trial the jury awarded a verdict for $40,000.

The only assignments of error are: (1) The exclusion of evidence of certain facts on the ground that they created a reasonable suspicion of the truth of the libel and claimed to be admissible in mitigation of damages and to rebut evidence of actual malice under chapter 231, § 94, G. L. Mass. (Ter. Ed.); (2) the refusal of the presiding judge to instruct the jury that the plaintiff has failed to prove that the publication prevented him from being appointed a commissioner on the new Federal Power Commission; (3) the refusal of the presiding judge to instruct the jury that the plaintiff failed to prove that this publication prevented him from being employed under the new Federal Power Commission.

We do not understand the defendant relies on the first assignment, and it has no merit.

As to the second and third assignments of error, whether the plaintiff has proved certain allegations is a question of fact for the jury and not of law. If there is no substantial evidence of any fact essential to recovery, the court may instruct the jury that the plaintiff cannot recover, or in this instance that the plaintiff could recover only nominal damages; but the refusal to rule that the plaintiff had not proved, or had not furnished proof of certain allegations on which damages depended, is not error. Proof is the result of evidence. Bouvier's Law Dict., "Proof"; Chamberlain on Ev., § 8; Wigmore on Ev., § 12. There may be evidence of a fact that does not amount to proof thereof in the minds of a jury.

The court instructed the jury that on the issue involved in the requested instruction, while the evidence was slight, it was for the jury to give it the weight to which they deemed it was entitled, and free from any bias or prejudice, and also instructed them that they could not base damages on speculation or conjecture, "but if from the evidence here, from the natural and probable consequences of this libel, he was rendered unavailable for any position with the Government, I think that is something you may take into account in arriving at a fair compensation for the damages done to him by this article." No exception was taken to any portion of the charge. While the damages may seem excessive upon the evidence, the defendant raises no issue of law by its second and third assignments of error.

The judgment of the District Court is affirmed, with costs.