# Gloria A. Breznick v. Robert R. Breznick

[ 238 A.2d 643 ]

December Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 6, 1968

*Bloomer & Bloomer,* Rutland, for the Libellant.

*Corsones & Hansen,* Rutland, for the Libellee.

**Barney, J.** We are asked to review the lower court's reduction in support payments for the libellant and her minor child. She presses here objections to two findings, and attacks the modifications in the new order as unjustified.

The facts from which the first finding challenged are drawn are viewed by the libellant as symptomatic of bad faith underlying the libellee's attempt to have his support burden reduced. The trial court found that the libellee terminated certain employment for reasons of health. The job was a part-time one, supplementing his income by about ten dollars a week, according to his testimony. He claimed that something about his work caused him to have throat trouble.

■ The libellant says that his reason for quitting was so insubstantial as to amount to the voluntary relinquishment of outside work, and therefore no basis for a reduction in support payments, under *Miller* v. *Miller,* 124 Vt. 76, 81, 197 A.2d 488. As that case holds, with the welfare of the child paramount and its very needs at stake, this Court will not accept voluntary curtailment of earning power for purposes of personal convenience or gratification as a circumstance justifying a reduction in support payments. Were that all there was to this case, the libellant's complaint would be justified.

■ Unlike the *Miller* case, earnings lost from giving up the secondary job here do not represent the most substantial or the only decrease in income. Nor does the finding here attribute his giving up the job entirely to his own volition, as was the case in *Miller,* but recognizes the libellee's testimony about a health handicap. The weighing of supporting evidence for this finding is the trial court's proper province. *Crawford* v. *Lumberman's Mutual Casualty Co.,* 126 Vt. 12, 16, 220 A.2d 480.

■ But the critical support for the judgment does not depend upon this finding, nor upon the other challenged finding, about which we will later comment. The findings that matter, and that are unchallenged, establish at least two substantial changes. First, because of the tragic death of one of the small boys in a coasting accident, the libellant now has only one child with her. Also, since the time of the original order, the libellee lost his employment as a carpenter and, although he soon found employment, it was at a significantly lower wage. These are circumstances that support modification.

■ The evaluation of these changes is the province of the trial court. As is said in *McKinney* v. *Kelley,* 120 Vt. 299, 314-315, 141 A.2d 660, 670:

We are dealing here with the findings of a trial court and its exercise of discretion. We can not substitute ourselves for the lower court; the weight of the evidence is not for us to pass upon, nor can we overturn the action of the trial court unless, as we have stated, the discretion of that court was exercised on grounds, or for reasons, clearly untenable, or to an extent clearly unreasonable.

The situation of this case as presented reveals no such abuse of discretion.

In the other finding objected to, the trial court apparently misrendered or misunderstood a part of the libellant's testimony. The finding was to the effect that although she had, at a particular time, given notice to her employer (her brother) that she intended to stop working at some time in the future, she was still working at the time of the hearing. The only error involved the court's understanding of the date such notice was given, and is of no significance with respect to the disposition of the present petition.

The libellant attacks the new, revised order in another particular. The original decree gave the libellant custody of the two youngest boys, but made no mention of any rights of visitation for the libellee. In his petition for modification, he asked for them, and the court, limiting them to Wednesday evenings and Sunday afternoons, specifically spelled out his visitation rights in the new order.

■ The libellant argues that there can be no change in the custody aspects of the old order, including visitation rights, without a showing of change in circumstances with respect to custody. If the issue were a shift in the custody of a child from one parent to another, it certainly would be necessary to support it with justifying evidence. *Miles* v. *Farnsworth,* 121 Vt. 491, 494-495, 160 A.2d 759.

■■ But that is not this case. The issue here is whether or not the father of the boy can visit his son while that son is in the libellant's custody. A decree of divorce does not of itself cut off rights of visitation of parents to their children. On the contrary, the law attempts to preserve, as far as it can, the relationship between each parent and child, in spite of the legal separation. Unless some sufficient op-

posing cause, relating to the welfare of the child, is shown, a visitation privilege of some sort is the right of a parent as a matter of course.

No evidence of justification for the denial of visitation rights in this case appears in the original findings of fact or in the present findings under the petition. Without some demonstration that the libellee's right to visit his son ought to be forfeit, the trial court was entitled to honor the petition and award reasonable visitation privileges, as it did. Without the clearest showing that this was somehow insupportable, we will not revoke them.

*The order revising the decree is affirmed.*