### Joseph Kissell v. Phillip Kissell

[300 A.2d 551]

No. 179-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 6, 1973

*Divoll & Buckley*, Bellows Falls, for Plaintiff.

*Thomas P. Salmon, Esq.*, Bellows Falls, for Defendant.

**Smith, J.** This is an appeal from a judgment order of the Windham County Court of Chancery, dated November 3, 1971. The parties are brothers, owning adjacent properties in the Town of Westminster, Vermont. The subject of this dispute is one acre of land, located on the farmlands of Phillip Kissell which is immediately next to, and north of the premises of the plaintiff, Joseph Kissell.

The plaintiff brought his action for specific performance of a contract to convey land. The case was heard by the chancellor on October 5, 1971. Findings of fact were made and in the judgment order of November 3, 1971, the defendant, Phillip Kissell, was directed to convey one square acre of land adjacent to the northerly side of the property of the plaintiff, Joseph Kissell, in accordance "with the memorandum of the Exhibit dated March 22, 1966."

The exhibit, which was offered by the plaintiff and admitted by the chancellor, without objection from the defendant, is quoted below:

"Mar.—22, 1966—

To all whom it may concern
One sq A. of land on the North side of Joe Kissell house. I sold and paid for by Joe Kissell.

Signed
Phillip Kissell"

It is this document which is at the heart of the controversy presented to the court of chancery.

In 1965 the defendant sold his dairy cattle and moved to Florida to establish a motel business. In March, 1966, the defendant returned to Vermont for a brief period to dispose of some heifers that still remained on his farm property. During his stay in Vermont, he and his brother, the plaintiff, were on a friendly basis. The plaintiff drove the defendant to Brattleboro where the defendant was to start his return trip to Florida. On this ride the parties conversed about the desire of the plaintiff to obtain the acre of land here in controversy from the defendant.

While they were at the bus terminal in Brattleboro, the defendant wrote and signed the memorandum which is here in dispute. Neither of the brothers had received more than an eighth grade education. While the defendant in his testimony before the chancellor recalled the conversations about the land transfer, he asserted that he did not sign the exhibit in question, although admitting that it looked like his signature. He does not raise the question of his signature here.

In March, 1966, the defendant returned to Vermont and resumed farming on his 240 acre farm, and used the disputed acre of land in his farm operations. The chancellor found:

"4) That during the time the defendant operated his farm prior to August of 1965, the Plaintiff assisted the defendant in the operation of said farm, helped him do the haying, repair roofs, harvest corn, helped him at the

auction sale of the cows and during the winter of 1965–1966 while the defendant and his family were in Florida, he assisted in the care of thirty-four (34) head of young stock. He averaged about one (1) hour a day caring for and 'overlooking' said young stock during the winter of 1965–1966."

In Finding No. 8, the chancellor found:

"During the trip in plaintiff's vehicle from Westminster to Brattleboro the plaintiff requested the defendant to deed him the acre of land in controversy in return for the work and service, he the plaintiff, had performed for the defendant."

Both of such findings are excepted to here by the defendant.

 In the instant case the chancellor was the trier of fact. A finding must stand if there is legitimate evidence fairly and reasonably tending to sustain it. If this is so, the fact that the evidence is conflicting cannot avail the excepting party, for all conflicts must be resolved against him on review; and the weight of the evidence and the credibility of the witnesses are for the trier of fact to "determine, and so, if he finds certain of the testimony to be implausible, it is not for us to revise his judgment thereon." *Sparrow* v. *Cimonetti*, 115 Vt. 292, 297–98, 58 A.2d 875 (1948).

We find that both findings are amply supported by the evidence and the findings must stand.

While below the defendant denied the authenticity of the contested exhibit, he makes no such claim here. What he does claim is "that the chancellor abused his judicial discretion in that he failed to consider the sufficiency of the consideration, the certainty, clarity, completeness and the fairness of the contract as well as other elements relevant to the exercise of that discretion."

The consideration for the contract was found by the chancellor to be the value of the various services rendered by the plaintiff to the defendant in his Finding No. 4. The only testimony as to the value of the land was from the defendant that he considered it worth Three Hundred Dollars,

although the chancellor made no finding as to its fair market value because of lack of evidence on such subject matter.

What the defendant is claiming here is that no agreement was ever reached between the parties in that defendant asserts that he believed he was signing an option, while the plaintiff believed he was receiving a deed. The memorandum, signed by Phillip Kissell, asserts the defendant, had no certainty, clarity or completeness upon which the chancellor could have found it a contract for the sale of land.

But the chancellor had all of the facts in the case before him. As we have already said, he was free to weigh the evidence as well as the credibility of the witnesses. Crude as the contract may have been, signed by the defendant, it does set forth the land referred to in the memorandum; it does state that he has sold the land, and that it has been paid for by Joseph Kissell. It is true that the memorandum did lack sufficient formalities required by law to make it a valid deed, which was the intention of the parties. But a defective deed can be treated and construed as a contract to convey land. *Vermont Mining and Quarrying Co.* v. *Windham County Bank,* 44 Vt. 489, 499 (1872).

In such an instance a court of chancery can compel the execution of a valid deed, as has been done by the chancellor in the instant case.

The burden of showing an abuse of discretion is upon the party who claims it. *Dashnow* v. *Myers,* 121 Vt. 273, 279, 155 A.2d 859 (1959). This burden has not been met by the defendant here who argues only that certain findings of the chancellor were not supported by the evidence, and that the judgment order is not supported by the findings. Having already passed upon these questions, we do not find that the chancellor abused his sound judicial discretion.

The last exception briefed by the defendant is his claim that the plaintiff had an adequate remedy at law in a suit for the fair value of his services and that, therefore, the cause should not have been made the basis of a suit in equity.

However, the petition of the plaintiff was for the specific performance of a contract to convey land. Such a petition is

addressed to the sound judicial discretion of the court of chancery. *Sparrow* v. *Cimonetti, supra,* 115 Vt. at 304. What the plaintiff here sought was the specific performance of a contract to convey land. An action to recover for the value of the services rendered the defendant by the plaintiff would not have afforded the relief sought, and, hence, the plaintiff has no adequate remedy at law.

*Judgment affirmed.*