## Linda D. Cooper v. Richard J. Cooper

[326 A.2d 145]

No. 221-73

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed October 1, 1974

*Matthew I. Katz, Esq.*, of *Latham, Eastman, Schweyer & Tetzlaff*, Burlington, for Plaintiff.

*Myers & Cleveland,* Essex Junction, for Defendant.

**Larrow, J.** The parties to this action were divorced by decree of the Chittenden County Court dated March 26, 1971. Both

were then represented by counsel, and the decree was based upon a filed stipulation. In its material provisions, the decree, following the stipulation exactly, awarded plaintiff-appellee the real estate of the parties, custody of the two minor daughters, Sheila and Corrine, subject to visitation, and $300.00 per month, expressed to be "for support of said children and alimony." Support for each child was to continue "until the youngest child shall reach the age of majority or shall be emancipated or self-supporting." Neither the stipulation nor the decree broke down the monetary award into component parts.

The matter now before us arises from a petition by defendant-appellant to modify this original decree, and the subsequent order of the trial court, which, as requested, awarded custody of the child Sheila to defendant, now remarried, but left the support payments for the plaintiff and daughter Corrine unchanged at $300.00 per month. The minor children were represented by appointed counsel, pursuant to statute, and the change of custody is not appealed from.

Most of the Findings below relate to the question of custody and are not here involved. Findings No. 15 and 16, here in issue, read as follows:

15. The Court finds that the living expenses of the Plaintiff for herself and Corrine have not changed materially since the date of the divorce decree 26 March 1971, and in some categories have increased. The Court further finds that although the Defendant is presently earning $125.00 per week with the St. Albans radio station, he is a U.V.M. graduate with majors in speech, radio and TV, and has the potential for higher earnings in his field, or by supplementing his income with additional part-time jobs.

16. The Court finds that the plaintiff is a most frugal housekeeper and homemaker, and that she cannot possibly support herself and her daughter, Corrine, on less than $300.00 per month, and that Defendant is able and should continue to make monthly support payments to the Plaintiff for the support of herself and Corrine in the sum of $300.00, payable weekly or bi-weekly at his election.

The resultant order, subsequently approved and filed, covered the matter in Paragraph 4, as follows:

> 4. The Order of March 27, 1971, is not modified relative to support and Defendant shall continue to make payments in the amount of $300.00 per month to Plaintiff for support of herself and Corrine Cooper. Said payments to be made weekly or bi-weekly at Defendant's election.

No serious question is here raised that the Findings are not supported by the evidence, and a review of the transcript confirms that they are. It is also apparent from the transcript and the arguments of counsel that the findings with respect to defendant's ability to pay must have been motivated in large part by the uncontradicted evidence that defendant's second wife has an income about equal to his, for combined take-home income of about $1,085 per month. Again, although specific findings are missing, the parties agree that the earnings of the defendant, at the time of the original stipulation, were about $220.00 per week from three different employments, and are now about $125.00 per week from one.

Obvious at the outset is the fact that this matter is before us mainly because the original stipulation between the parties, and the original decree, were totally unclear. Given the importance of a stipulation between the parties expressed in *Braine* v. *Braine*, 127 Vt. 211, 243 A.2d 797 (1968), and *Hudson* v. *Hudson*, 130 Vt. 225, 290 A.2d 31 (1972), it becomes vital that the stipulation be carefully considered and drawn, so that its provisions are both meaningful and understandable. If the stipulation does not meet this standard, it should not be incorporated, without revision, in a decree. The original stipulation in this case did not meet that standard in that it did not specify how much of the payments provided for was alimony and how much was child support. Nor was there any testimony at the modification hearing tending to demonstrate the original intent of the parties in this respect. Unaided by any statement of conclusions, we are unable to determine what consideration, if any, the trial court gave to this facet of the case.

We are not unmindful of, and we do not intend to abrogate, our general rule that evidence is to be viewed in the light most favorable to the prevailing party, excluding the effect

of modifying evidence. *State* v. *Berard,* 132 Vt. 38, 315 A.2d 501 (1974). Essentially this is the "clearly erroneous" test of V.R.C.P. 52. *Valeo* v. *Valeo,* 132 Vt. 526, 322 A.2d 306 (1974). The real difficulty here, however, is not the supportability of the findings, but their paucity on the very issue appealed.

The findings below, as indicated, speak of the "potential for higher earnings" of the defendant. In justice to both parties, we feel that is a matter requiring further clarification, with particular attention to whether this case falls within the involuntary reduction in earning capacity treated in *Breznik* v. *Breznik,* 127 Vt. 80, 238 A.2d 643 (1968), or the voluntary decrease dealt with in *Miller* v. *Miller,* 124 Vt. 76, 197 A.2d 488 (1963). And, since extensive evidence was taken, and undoubtedly considered by the court, as to the income of defendant's now wife, the proceedings below should indicate the effect of these on defendant's ability to pay, with particular attention to 15 V.S.A. 296, curtailing the effect of *Borkman* v. *Commissioner,* 128 Vt. 561, 268 A.2d 790 (1970), by imposing statutory support requirements on stepparents.

*Remanded for further findings and reconsideration of the provisions of Paragraph 4 of the Order of Modification dated December 5, 1973, consistent with the views herein expressed.*