### Priscilla B. Boone v. Arthur R. Boone

[333 A.2d 98]

No. 24-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed February 4, 1975

Motion for Reargument Denied March 6, 1975

*Theodore S. Mandeville, Jr., Esq.,* of *Bishop & Crowley,* Rutland, for Plaintiff.

*Arthur R. Boone,* Providence, R.I., *pro se.*

**Barney,** C.J. This is a divorce matter. The libelee-husband contests before this Court the propriety of granting any divorce at all, the support provisions for the wife and their only child, and the award of custody and visitation rights, all as set out in the court's order.

The divorce was adjudicated under the provisions of 15 V.S.A. § 551(7), which allows the granting of a divorce under the following circumstances:

> (7) When a married person has lived apart from his or her spouse for six consecutive months and the court finds that the resumption of marital relations is not reasonably probable.

This statute falls among those classified as "no fault" divorce provisions. The function of the trial court remains little changed, however, since it must still evaluate the evidence before it and determine whether the dissolution of the marriage is justifiable in the light of the statutory requirements. Likewise, the function of this Court, to review those determinations with the view of sustaining them if the evidence permits, is not altered. *Valeo* v. *Valeo,* 132 Vt. 526, 530, 322 A.2d 306 (1974).

The libelee-husband was represented by counsel in the proceedings below, but elected to conduct his own case before this Court. He argued ably and presented the Court with an extensive and scholarly brief in due form in support of the issues he sought to raise. He has a background in the ministry and is presently executive secretary of the Human Rights Commission of the State of Rhode Island. Undoubtedly this gives him more than usual understanding and awareness of the most recent developments in this field.

He first questions the granting of the divorce itself. He does so on two grounds. The first relates to a claim of lack of factual foundation for granting a divorce under applicable

law. The second directly challenges 15 V.S.A. § 551(7) as violating the due process rights of the libelee under the Fourteenth Amendment for two reasons: (1) because the statute, in his view, raises an irrebuttable presumption, since there is no evidentiary way that a libelee can contest the conclusion "that the resumption of marital relations is not reasonably probable"; and (2) that, in terms of translation into any sort of defense, this phrase is so uncertain in meaning as to be void for vagueness.

Turning first to the issue relating to the quantum and quality of the evidence upon which the decree of divorce depends, this Court, after examination of the record, can only say that it is adequate. A detailed recitation of the evidence relating to counseling attempts, marital and otherwise, personal conflicts, and events leading up to the separation which had persisted for more than eighteen months at the time of hearing, would add little to the opinion. This is particularly so since they represent sufficient evidence to support the factual determination sustaining the decree, and prevent this Court from rejecting it based on any evidentiary shortage. *Wetmore* v. *Wetmore,* 129 Vt. 583, 584, 285 A.2d 711 (1971).

 The short answer to the due process objection to the granting of the divorce below is that it admittedly was not raised before that tribunal. However, in further answer to the point, the test of the reasonable probability of the resumption of marital relations has a long history in the domestic relations law of this State, enough so that it has the patina of a phrase of art. As so defined it has too long stood legal test to be condemned for uncertainty.

Moreover, as was stated in *Place* v. *Place,* 129 Vt. 326, 329, 278 A.2d 710 (1971), the State has the right to prescribe the conditions and causes by which the marriage relationship may be dissolved. There is no illegality or irrationality for the State to impose upon a libelee the burden of persuading the trial court that there is still a prospect for restoration of the marriage. This surely is intended as a safeguard against whimsical or petulant divorce actions. It is within the power of the State, consistent with appropriate policy objections, to allow marital severance for lesser or different reasons. So

that, finally, the libelee's point comes down to no more than the assigning of evidentiary responsibility in an area where the State has full authority to do so. No constitutional shortcoming appears here.

■ With respect to alimony, the decree in this case does not delineate how much of the $135.00 per week is attributable to support of the then four-year-old minor daughter of the parties and how much is for the support of the libelant herself. As is pointed out in *Cooper* v. *Cooper*, 132 Vt. 619, 621–22, 326 A.2d 145 (1974), an allocation between the two purposes is necessary to enable this Court, or a trial court on modification, to correctly and equitably deal with the issues relating to child support and alimony. To this extent, the matter must be remanded for clarification.

■ In order that the remand not be misunderstood, it is necessary that some comments be made with respect to the rights of the parties relating to the division of the common property and support payments. Fault may be relevant in the attainment of an equitable division, *Peisch* v. *Peisch*, 132 Vt. 514, 518, 321 A.2d 67 (1974), but lack of fault does not avoid the duty of the court to make the appropriate division of the property of the parties as required by 15 V.S.A. § 751; *Allen* v. *Allen*, 132 Vt. 182, 186, 315 A.2d 459 (1974). 15 V.S.A. § 754 is a simple recognition that, in some family situations, more of the property may be in the husband's name than represents a fair division of the property. Since the division is ultimately required to be based on equity, no discrimination yet appears with respect to these parties. An ultimate evaluation must await a new order, in any event, should the parties find a need to appeal, which can only be based on a contention of abuse of discretion below. *LaFarr* v. *LaFarr*, 132 Vt. 191, 193, 315 A.2d 235 (1974).

The libelee vigorously contests the custody award to the libelant. He strongly suggests that the evidence does not support the findings underlying the custody award. An examination of the record discloses the contrary. There is nothing in the record that discloses that this mother might be unfit to have custody of the daughter.

■ The real contention seems to be that the libelee wants custody of his little girl, and feels his circumstances and qualifications make him equally suitable as custodian. His evidence was not persuasive to the trier, whose duty it was, under 15 V.S.A. § 292, to decide which of the parents was to have custody. The statute bespeaks no preference based on sex, and none will be presumed. The trial court must deal with the facts before it, relating them to the well-being of the child, the paramount interest. *See Valeo* v. *Valeo, supra,* 132 Vt. at 531. Here, too, the discretion of the trial court is wide, and must be recognized unless erroneously or abusively exercised. *Gerety* v. *Gerety,* 131 Vt. 396, 402, 306 A.2d 693 (1973). There has been no showing that it was inappropriately exercised here.

The libelee, in the event custody is not given to him, expresses dissatisfaction with the visitation rights afforded him. Without mutual tolerance and understanding, these rights of visitation can become a nightmare for both parents and a disaster for the child or children involved. This, too, is a decision for the trial court, since it presumably has before it the freshest revelations of family relations. Unless abuse is shown, we must affirm. *Wetmore* v. *Wetmore, supra,* 129 Vt. at 586. It should also be pointed out that the statute, 15 V.S.A. § 292, provides for change and review as the children and their circumstances change.

Although the decree of divorce, the order of custody, and the rights of visitation are supported, the aspects of the order distributing the property, alimony, and suit money need further clarification, and the matter must be returned below to that end.

*Decree of divorce, order of custody, and rights of visitation are affirmed, but the cause must be remanded for definition and clarification of the property distribution, alimony, and child support provisions of the decree in accordance with the views expressed in the opinion.*