## Priscilla Belt Boone v. Arthur Robinson Boone

[340 A.2d 53]

No. 259-74

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed April 1, 1975

Motion for Reargument Denied May 22, 1975

*Bishop & Crowley*, Rutland, for Plaintiff.

*Arthur R. Boone*, 128 Pocasset Avenue, Providence, Rhode Island, *pro se.*

**Daley, J.** Plaintiff Priscilla Boone was granted a decree of divorce from the defendant in the Rutland Superior (County) Court on November 29, 1973. Custody of the minor child of the parties was awarded to the plaintiff. As part of the orders contained in the decree, the defendant was given reasonable rights to see and visit said child at all reasonable times and places in Rutland, Vermont. The decree of divorce, child custody, and visitation rights were just last term affirmed by this Court. *See Boone v. Boone*, 133 Vt. 170, 333 A.2d 98 (1975).

Subsequent to the decree, the plaintiff brought a petition for contempt against the defendant for failure to pay alimony and support orders contained in the decree; the defendant cross filed, alleging the plaintiff to be in contempt for depriving him of child visitation privileges. After hearing upon both petitions, the same court found the defendant to be in contempt and dismissed his petition against the plaintiff. This appeal by the defendant is from the judgment of dismissal which he alleges is unsupported by the evidence and conclusions of law made by the court.

The trial court concluded that the plaintiff was not in willful contempt, since she could not have refused the defendant visitation rights due to the lack of communication between the parties. This conclusion can only be based upon the court's finding that "said visitation never took place due to the fact that the plaintiff and the defendant would not communicate with each other and hence no firm arrangements were made . . . ." This finding of a lack of mutual communication is not in accord with the testimony and the legitimate inferences to be drawn therefrom.

Commencing at a time shortly after Christmas, 1973, the defendant, then living in Rhode Island, by letter and by telephone communication with the plaintiff, sought to arrange a child visit during the latter part of January, 1974. Without any extensive recitation of the record testimony, the uncontroverted testimony of the plaintiff demonstrates that the request was not honored by her; that by letter and orally, the plaintiff stated she would have nothing to do with the defendant, nor would she communicate with him until he paid the alimony support arrearage then existing. The plaintiff further testified at the hearing, "I am simply not going to be bothered with you until you pay me, then you can see the child."

Clearly, the testimony does not establish a mutual failure of communication as found by the court. By her position, disclosed by the evidence, conditioning the defendant's right of child visitation upon payment of alimony and support, the plaintiff placed herself in violation of the decretal order which constitutes an unjustified contempt of court. The findings and conclusions of law in this regard made by the trial court, not being supported by the record, are clearly erroneous. V.R.C.P. 52(a).

This Court, in *Breznik* v. *Breznik*, 127 Vt. 80, 238 A.2d 643 (1968), speaking of the nature of visitation rights, stated: "the law attempts to preserve, as far as it can, the relationship between each parent and child, in spite of the legal separation. Unless some sufficient opposing cause, relating to the welfare of the child, is shown, a visitation privilege of some sort is the right of a noncustodial parent as a matter of course." *Id.* at 82–83. Denial of visitation rights where the record indicates the primary purpose to be punishment of the father for failure

to pay support money for his child is not justifiable. *See Hodge* v. *Hodge,* 507 F.2d 87, 92 (3rd Cir. 1975).

We will vacate and set aside that part of the judgment of the Rutland Superior Court dated March 28, 1974, ordering the dismissal of the defendant's petition for contempt as not being supported in fact or law. Although, in our opinion, the record warrants an entry by us here of willful contempt on the part of the plaintiff as a matter of law, we will not do so, nor will we remand the cause for further action by the superior court, in view of our being informed in oral argument that the order of visitation is and has been for some time complied with to the satisfaction of both parties.

Finally, the defendant seeks to have us pass upon a motion for discovery pending appeal brought under V.R.C.P. 27(b) and denied by the trial court. This motion was presented to this Court previously, and denied. The defendant has not carried his burden of showing an abuse of discretion in the trial court's denial of his motion under Rule 27(b), *Kissell* v. *Kissell,* 131 Vt. 77, 300 A.2d 551 (1973), thus the lower court's ruling will not be disturbed.

*Paragraph four of the judgment of the Rutland Superior Court is stricken.*