### Priscilla B. Boone v. Arthur R. Boone

[353 A.2d 332]

No. 224-75

Present: Barney, C.J., Smith, Daley and Larrow, JJ.

Opinion Filed February 3, 1976

*Arthur R. Boone,* Providence, Rhode Island, *pro se.*

**Larrow, J.** This divorce case is before us for the fourth time. In the first opinion (133 Vt. 170, 333 A.2d 98) we affirmed the decree of divorce, order of custody and rights of visitation, but remanded the cause for definition and clarification of the property division, alimony and child support provisions of the decree under our holding in *Cooper* v. *Cooper,* 132 Vt. 619, 326 A.2d 145 (1974). The second opinion (133

Vt. 322, 340 A.2d 53, No. 259-74) dealt with contempt and discovery issues not here material. Then, during the pendency of this appeal we granted, without opinion, a remand to the trial court for the sole purpose of determining whether the order here appealed from should be modified in accordance with appellant's petition of July 29, 1975. That petition was denied October 1, 1975, by an order of the Rutland Superior Court which has not been appealed from.

The order here appealed from was dated June 5, 1975, and filed June 9. It resulted from an evidentiary hearing held May 28, 1975. Before the court at that hearing were the original remand order, a petition by the appellant to modify the provisions of the original order, and his motion for a new trial and/or amended findings. This last motion was based upon a prior order filed March 14, 1975, after a remand hearing mistakenly held before the mandate therefor had been certified down from this Court. Appellant correctly claimed lack of jurisdiction with respect to the March 14 order; the court sustained his claim, and struck it in the order here appealed from. At the May 28 hearing it took evidence from both parties, and admitted exhibits, bearing on the financial situation of the parties at the time of divorce and on the very material changes which had occurred since then, primarily appellant's loss of employment and appellee's finding it. The order complained of, in substance, struck the original combined award of $135.00 per week for alimony and child support, and substituted one of $45.00 per week for child support alone. It left open the possibility of future petition for alimony, but awarded none under existing circumstances. All other provisions of the original decree were left unchanged. The findings recited appellant to be in arrears of $5,207.00 on the original order, but the order as entered made no reference to these arrearages.

As is often the case where a party, however skilled in other fields, represents himself, the precise issues on review are not clearly delineated. We have tried in fairness to reduce some fourteen stated questions in his brief to the essential issues. The appellee, stating to this Court her inability to further finance this protracted litigation, has submitted no brief.

■ Appellant first claims that the trial court erred in not granting his motion for new trial before setting the matter down for such new trial. This motion was addressed to the March 14 order, which was stricken in its entirety. Appellant can claim no prejudice in this respect. He briefs that had such new trial been formally granted he would have argued for an order denying alimony altogether, or at least specifying what he should have been paying. This issue is not before us, because no alimony was awarded by the trial court in its order. The court determined the amount of arrearages, because the original order was not stayed by appeal. V.R.C.P. 62(a). There was no pending action for contempt or to reduce these arrearages to judgment, under either of which procedures a court may reduce the amount to be collected. *Randall* v. *Randall*, 129 Vt. 432, 282 A.2d 794 (1971); 15 V.S.A. § 760. If and when such procedures are resorted to, or alimony is awarded by a future court order, the issues relating to alimony may then be before us.

The same considerations govern appellant's claim that he was precluded by the court's ruling from introducing evidence relating to the respective fault of the parties. This was material only on the issue of alimony or property disposition, not on the issue of child support. No alimony was awarded or enforced, and appellant agreed at the hearing that all property involved had been amicably disposed of. No error appears in the failure to make a formal entry granting a new trial before proceeding to take evidence. It is clear from the record that appellant understood the hearing covered the prior order of remand and his petition for modification. The relief awarded does not go beyond those two matters, as to which appellant's evidence was taken and findings and conclusions duly made.

■ Appellant's two further claims are quickly disposed of. He questions first the allowance of $45.00 per week for child support, and specifically objects to the failure of the court to find precisely the exact sums required for support of his child, and the exact value of appellee's contributions, both financial and for parental services rendered. Despite his unemployment, appellant was receiving $92.00 per week unemployment compensation and $15.00 per week room rental. He

had a savings account of about $1900.00 resulting from return of retirement contributions, which he indicated he was willing to utilize for child support. Without liquor, entertainment and charitable contributions, his needs amounted, on his testimony, to $360.00 per month. He felt that $45.00 per week was needed for child support, but did not, as the findings would indicate, express a willingness to pay more than $25.00 per week. Even absent such willingness, however, we are unable to conclude that the order entered by the court was not within the wide range of discretion given it under our cases. *Orr v. Orr*, 122 Vt. 470, 473, 177 A.2d 233 (1961). The intricate computations indulged in by the appellant could well lead to a different conclusion, but it is not an inevitable one. His claim that, in principle, the parents are equally liable for monetary child support ignores the value of custodial care and custody, which is fairly viewed as one of the paramount reasons for the wide discretion afforded the trial court.

Appellant's last claim is that he should be reimbursed for expenses he has incurred, resulting from claimed errors of the trial court. Authority for such reimbursement is as non-existent as the claimed errors.

*The June 5, 1975, order of the Rutland Superior Court is affirmed.*