## John Edward Savery v. Eve Charlton Savery

[360 A.2d 58]

No. 318-75

Present: Barney, C.J., Smith, Daley and Larrow, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed June 1, 1976

*Theodore Corsones*, Rutland, for Plaintiff.

*J. Fred Carbine, Jr.*, Rutland, for Defendant.

**Per Curiam.** In a divorce action tried in the Rutland Superior Court the defendant obtained a decree of divorce from the plaintiff, and custody of the parties' minor child was awarded to the plaintiff. The defendant appeals the custody award, contending that the trial court abused its discretion in granting permanent custody to the father. We disagree and affirm.

The issue before us is wholly evidentiary. As in many cases where custody is involved the evidence bearing upon the focal question of what award would be in the best interest of the child was placed before the court in great detail. As this Court stated in *Lafko* v. *Lafko*, 127 Vt. 609 at 619, 256 A.2d 166 (1969), "In the often hostile and vindictive atmosphere of a contested divorce proceeding, the trial judge has a vantage point not open to appellate review."

The findings of fact taken as a whole are not clearly erroneous and will not be set aside. V.R.C.P. 52. These findings supported by the evidence demonstrate that the court exercised its judgment and discretion in its determination of child custody. We cannot say from our examination of the record

that the court's discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable, which is the recognized test in this state. *Lafko* v. *Lafko, supra.*

The defendant's claim of error relative to the trial court's failure to find certain facts as requested has been examined. In the light of contrary evidence and inferences to be drawn therefrom this claim is without merit.

*Judgment affirmed.*