# Lynda Senesac v. Joseph Maurice F. Senesac

[370 A.2d 214]

No. 326-75

Present: Barney, C.J., Daley, Larrow, and Billings, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed December 23, 1976

*Langrock & Sperry,* Middlebury, for Plaintiff.

*Gary D. McQuesten* of *Richard E. Davis Associates, Inc.,* Barre, for Defendant.

**Per Curiam.** This is an appeal by the defendant-husband from a divorce decree. The appeal is from portions of the order relating to the custody of the minor children, the visitation rights of the appellant, and the decree of the family residence to the children subject to the appellant's life use. The life use is contingent upon his payment of taxes, mortgage installments, insurance, and maintenance costs. Findings of fact were not

requested by either party nor made by the court. V.R.C.P. 52. Appellant claims that the trial court abused its discretion in making the orders.

█ █ The trial court had before it conflicting evidence concerning the parties and their care of the minor children. In awarding custody and in decreeing visitation rights, the trial court has wide discretion. Its decision will not be revised by this Court unless the discretion was erroneously exercised, *Boone* v. *Boone*, 133 Vt. 170, 174, 333 A.2d 98 (1975), or was exercised upon unfounded considerations or to an extent clearly unreasonable in light of the evidence. *Loeb* v. *Loeb*, 120 Vt. 489, 492, 144 A.2d 825 (1958). The welfare of the children is determinative in the awarding of custody. *McKinney* v. *Kelley*, 120 Vt. 299, 302, 141 A.2d 660 (1957). On the record here, we are unable to hold that the trial court abused its discretion. The portion of the order relative to custody and visitation rights must be affirmed.

█ 15 V.S.A. § 751 provides in part as follows:

In granting a divorce from bed and board, or an absolute divorce, or a decree annulling a marriage, upon petition of either party, the court shall decree such disposition of the property owned by the parties separately, jointly, or by the entirety, as shall appear just and equitable, having regard to the respective merits of the parties. . . .

The trial court has broad discretion in the disposition of marital property between the parties. *LaFarr* v. *LaFarr*, 132 Vt. 191, 315 A.2d 235 (1974). Fault may be considered in the ascertainment of an equitable division. *Boone* v. *Boone, supra,* 133 Vt. at 173. The statute provides that the marital property, absent stipulation to the contrary, is to be disposed of *between the parties.* The trial court erred when it decreed the fee in the homestead to the children, and that portion of the order must be reversed.

*The order with respect to custody and rights of visitation is affirmed. That portion of the order respecting property division of the parties' homestead is reversed. The cause is remanded forthwith, and it is further ordered that the cause be advanced on the docket for early hearing.*