## Kathryn L. Cameron v. Robert Bruce Cameron

[398 A.2d 294]

No. 91-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 6, 1979

*Garfield H. Miller* of *Black & Plante,* White River Junction, for Plaintiff.

*Richard I. Burstein,* Randolph, for Defendant.

**Daley, J.** In a contested divorce action heard in the superior court, the plaintiff was granted a bill of divorce from the defendant. The custody of the parties' minor child was awarded to the plaintiff. The trial court directed that her care of the child be monitored once a month by the Department of Social Welfare during the period of time that she received aid from the department. The defendant was accorded visitation rights. The defendant appeals from so much of the final judgment order as relates to child custody and the denial of his motions to amend the findings of fact, V.R.C.P. 52(b), and to alter or amend the judgment, V.R.C.P. 59(e).

In his appeal the defendant has briefed and argued the following claims of error:

The refusal of the court to call as a witness or to examine in chambers, with or without counsel, the minor child, then six years of age, for the purpose of allowing her to state her preference as to parental custody; the court's directions as to monitoring by the Department of Social Welfare; and the use of state-

ments, contained in the investigative report made to the court under the provisions of 15 V.S.A. § 557(b), in the findings of fact. We find no reversible error and affirm.

 The trial court had before it conflicting evidence concerning the parties and their care of the minor child. We set forth the principles of review for cases of this nature in *Senesac* v. *Senesac*, 135 Vt. 24, 25, 370 A.2d 214, 214–15 (1976).

> In awarding custody and in decreeing visitation rights, the trial court has wide discretion. Its decision will not be revised by this Court unless the discretion was erroneously exercised, *Boone* v. *Boone*, 133 Vt. 170, 174, 333 A.2d 98 (1975), or was exercised upon unfounded considerations or to an extent clearly unreasonable in light of the evidence. *Loeb* v. *Loeb*, 120 Vt. 489, 492, 144 A.2d 825 (1958). The welfare of the children is determinative in the awarding of custody. *McKinney* v. *Kelley*, 120 Vt. 299, 302, 141 A.2d 660 (1957).

The opposing desires of hostile parents and the preferences of their offspring must yield to the paramount consideration of the children's well-being. *Loeb* v. *Loeb, supra,* 120 Vt. at 490–93, 144 A.2d at 828; *Lafko* v. *Lafko,* 127 Vt. 609, 619, 256 A.2d 166, 172 (1969).

 Although the appellant urges that it was error for the lower court to fail to examine the minor child as to her preferences in the matter of custody, we find no statutory requirement that would compel a trial court to call as its own witness a child of tender years for an inquiry as to his or her parental preferences. On the contrary, the child has, by statute, no right to choose his own guardian until he has reached the age of fourteen years. 14 V.S.A. § 2650. Until that time, as has been previously stated, the wishes or preferences of the child are not controlling factors in the court's decision upon the issue of custody, and the court is not bound by the child's preference. This is not to say that a trial court may not, in the exercise of its discretion, permit the testimony of a child upon the issue of custody if it feels that to do so would be in the best interest of the child. However, in the absence of a showing that the court clearly abused its discretion in refusing to hear the child, we will not place it in error. No such showing has been made here. Furthermore, the wishes of the

child were stated in the Department of Social Welfare report furnished the court.

The second issue raised for our consideration is whether the trial court abandoned its judicial functions by delegating the authority to find facts and make decisions to the Department of Social Welfare. Prior to a hearing upon the merits, the court ordered the Department of Social Welfare to conduct an investigation and make a recommendation as to which of the parties should have custody of the minor child of the parties. This order was made upon stipulation and consent of the parties. See 15 V.S.A. § 557. The report was made available to the counsel for the parties, and they were given the opportunity to subpoena as witnesses the person who prepared the report and those persons who furnished information contained in the report. Neither party availed itself of this opportunity.

The defendant contends that the report is not evidence, and therefore any findings of fact based upon matter contained in the report cannot be relied on in support of its ultimate decision. The defendant concedes, however, that the report, including the department's recommendation, can be considered by the court in making its determination. To hold otherwise would result in a repeal of 15 V.S.A. § 557 by judicial fiat. Furthermore, by his stipulation, the defendant expressly consented to an investigation and recommendation by the department at the direction of the court; implicitly, he waived his objections to the court's consideration of the department's recommendation.

In any event, we have examined the findings which the defendant claims are based solely upon matters contained in the report and find that he is now attempting to raise, for the first time, objections to the findings that were not contained in his motions for amended findings and to amend or alter the judgment. As we have often stated, we will not place a trial court in error for matters not raised before it and which it has not been given the opportunity to correct.

Significantly, it may be noted that although the court did state as a finding the recommendation made by the investigator that custody be awarded to the mother, it commented, "The court has some concern and difficulty with this recommendation because of the past life style of the plaintiff." From our review of the court's findings as a whole we cannot agree that its findings, conclusions and decisions were motivated by the investigator's

recommendations rather than made from an independent evaluation of the testimony presented in open court.

The findings of fact not being clearly erroneous will not be set aside. V.R.C.P. 52. We cannot say from our examination of the record that the court's discretion was exercised on grounds or for reasons clearly untenable, which is the recognized test in this state. *Savery* v. *Savery*, 134 Vt. 391, 391–92, 360 A.2d 58 (1976).

█ Finally, the court's order as to monitoring is beyond the authority of the trial court and therefore error. We recognize that, under chapter 12 of 33 V.S.A., custody awards made in the court may order supervision by the Department of Social and Rehabilitation Services, in certain cases, of custody awards made in juvenile proceedings in district court. But we find no such statutory provision where custody awards are made by the superior court in divorce actions. However, we treat the court's error as being harmless and not warranting reversal since no prejudice has been made to appear.

*Judgment affirmed. Cause remanded for the entry of a new judgment order deleting so much of the original judgment order as provides for monitoring.*