### State of Vermont v. Robert L. Colby

[431 A.2d 462]

No. 217-79

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed April 14, 1981

476

*Mark J. Keller,* Chittenden County State's Attorney, *Norman R. Blais,* Chief Deputy State's Attorney, and *Timothy Martin,* Law Clerk (On the Brief), Burlington, for Plaintiff.

*Martin & Paolini,* Barre, for Defendant.

**Hill, J.** This is an appeal from a jury verdict finding defendant guilty of uttering a forged instrument in violation of 13 V.S.A. § 1802.

The State provided evidence indicating that defendant cashed a welfare check at a Burlington bank which was made out to, and bore the forged signature of, a close friend of defendant's. Defendant represented himself to be the legitimate holder of the check, providing identification belonging to his friend. Defendant presented no evidence at trial.

At the bank involved, a teller routinely stamps the teller identification number on the back of a check and runs the check through a machine that indicates the date and time it was cashed. That routine was followed in this case. A bank camera also records all transactions on videotape. The videotape system consists of five cameras which are coordinated to time and date. To review a particular transaction, the videotape is coordinated with the check bearing the same date, time and teller location. It is bank policy to erase the videotape after three months. The only remaining visual history of a transaction is a polaroid reproduction of the videotape. The polaroid pictures are without reference to the time, date and place indicated on the videotape system except as copied on the back of the reproduction by the bank's security officer.

Defendant was identified by his friend based on the polaroid reproductions.

The mainstay of the State's evidence consists of the polaroid pictures and a photocopy of the welfare check. The original check was not presented.

Defendant bases his appeal on the introduction of the polaroid pictures and check, claiming the best evidence rule was violated. He also argues that knowledge and intent, both elements of the crime charged, were not proven.

The information alleged that defendant violated 13 V.S.A. § 1802:

> A person who utters and publishes as true a forged, altered or counterfeited record, deed, instrument or other writing mentioned in section 1801 of this title, knowing the same to be false, altered, forged or counterfeited, with intent to injure or defraud a person, shall be imprisoned not more than ten years and fined not more than $1,000.00.

I.

The best evidence rule is a rule of preference, originally relating to written documents, demanding introduction of an original if the contents of the evidence are at issue. However, we have adopted the exception to this rule, followed in most jurisdictions, allowing introduction of alternative proof of the contents of certain evidence when the absence or

unavailability of the original is satisfactorily explained. *Don Lloyd Builders, Inc.* v. *Paltrow*, 133 Vt. 79, 80, 330 A.2d 82, 83 (1974). Guidance is found in Federal Rule of Evidence 1004 for expanding this rule of admission to recordings and photographs as well as to writings. See also 4 J. Wigmore, Evidence § 1183, at 424 (1972).

Defendant argues that the polaroid pictures were wrongfully admitted into evidence. He claims that the pictures are not copies, as envisioned by the best evidence rule exception, but rather are re-recordings, and, hence, less reliable. Defendant also claims that he should not be made to suffer the possible repercussions of having reproductions introduced into evidence when the bank was responsible for the original's destruction.

Admissibility of photographic evidence is largely a matter of discretion for the trial court. *United States* v. *Taylor*, 530 F.2d 639, 642 (5th Cir. 1976). While courts may be more cautious when the evidence consists of a photograph or a tape since the possibility of alteration exists, see *Fountain* v. *United States*, 384 F.2d 624, 631–32 (5th Cir. 1967), photos are admissible if the proper foundation is adduced to indicate the circumstances under which they were taken and the reliability of the reproduction process. *Taylor, supra.* See also *United States* v. *Jacobs*, 475 F.2d 270 (2d Cir. 1973). The State offered evidence satisfactorily explaining the absence of the best evidence, the videotape. See *Enriqueta Farias* v. *United States*, 423 F.2d 749 (9th Cir. 1970). Evidence was also introduced regarding the coordination of the time/date stamping machine and the videotape; that the machines were functioning properly on the day in question; and that the photographs were accurate representations of the film. The bank security officer who took the polaroid pictures testified about the procedures employed. In addition, since the bank is not a party to this criminal prosecution, the normal concerns regarding destruction of evidence are not present. We are satisfied that the pictures were properly admitted.

## II.

The trial court admitted into evidence a photograph of the welfare check pursuant to the Uniform Photographic

Copies of Business and Public Records as Evidence Act, 12 V.S.A. § 1701. Defendant's objection to admission of the copy was that the State failed to prove that the original check was unavailable. Although that showing is normally required under exceptions to the best evidence rule, *United States* v. *Alexander*, 326 F.2d 736, 739 (4th Cir. 1964), Vermont's codification of the Uniform Business Act negates the requirement, see *United States* v. *Kimmel*, 274 F.2d 54, 57 (2d Cir. 1960). Only two requisites need be followed: (1) evidence must be introduced that the record was made in the regular course of business, and (2) the regular course of business must have been to make such records contemporaneously or within a reasonable time thereafter. *United States* v. *Anderson*, 447 F.2d 833, 838 (8th Cir. 1971). Defendant's objection was not addressed to either of these requirements, so we will not entertain the challenge. *Cameron* v. *Cameron*, 137 Vt. 12, 15, 398 A.2d 294, 296 (1979).

### III.

■ Defendant's strongest objection involves whether the State provided sufficient evidence of the knowledge and intent elements of 13 V.S.A. § 1802 to sustain a conviction. The State must prove all essential elements of the crime beyond a reasonable doubt, *State* v. *Green*, 126 Vt. 311, 312, 228 A.2d 792, 793 (1967), and a superabundance of evidence supporting one element of a crime will not suffice to excuse the State from meeting its burden as to the other essential elements, *State* v. *Carter*, 138 Vt. 264, 269, 415 A.2d 185, 188 (1980).

■. The State provided no evidence as to whether defendant knew the instrument was forged. If the proper holder of the check had testified that defendant knew his handwriting, the State would then have presented some proof on this point. With the element of intent being a matter of state of mind, it must necessarily be proved, in the absence of an admission, by inference from attendant circumstances. *State* v. *McMann*, 133 Vt. 288, 290, 336 A.2d 190, 192 (1975). Thus, if the friend had testified he had never given defendant permission to cash the check, there would have been evidence as to whether defendant intended to defraud. Absent such testimony the State could have charged defendant with a crime, such as false personation under 13 V.S.A. § 2001, which does not require

these elements. But the State failed to ask the crucial question for the offense charged, and as a result provided no evidence to overcome the presumption of innocence. While we recognize that it is the jury's duty to weigh the credibility of the witnesses and strength of the evidence, *State* v. *Norton*, 134 Vt. 100, 103, 353 A.2d 324, 326 (1976), our duty upon review is clear when the State's case does not justify a finding of guilty, *Id.*

*Reversed and judgment of acquittal entered.*