**Peter B. Jensen v. Deborah L. Jensen**

[450 A.2d 1155]

No. 466-81

Present: **Billings, Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned**

Opinion Filed September 7, 1982

*Kelley & Meub, Ltd.,* Middlebury, for Plaintiff-Appellee.

*Davis & Rounds, P.C.,* Windsor, for Defendant-Appellant.

**Per Curiam.** As this case has been before this Court once before, *Jensen* v. *Jensen,* 139 Vt. 551, 433 A.2d 258 (1981), an extensive recitation of the facts is not necessary. Essentially, the issue raised by this appeal is whether the trial court erred in awarding custody of the parties' two minor sons to the appellee, Peter Jensen.

■■ It is axiomatic that the prime concern in custody cases is the welfare of the children. *Ohland* v. *Ohland,* 141 Vt. 34, 39, 442 A.2d 1306, 1309 (1982); *Lumbra* v. *Lumbra,* 136 Vt. 529, 531, 394 A.2d 1139, 1141 (1978). In awarding custody the trial court has wide discretion and its determination will not be revised on appeal unless the discretion was erroneously exercised, *Cameron* v. *Cameron,* 137 Vt. 12, 14, 398 A.2d 294, 295 (1979); *Boone* v. *Boone,* 133 Vt. 170, 174, 333 A.2d 98, 101 (1975), or was exercised upon unfounded considerations or to an extent clearly unreasonable

in light of the evidence. *Cameron, supra; Loeb* v. *Loeb,* 120 Vt. 489, 492, 144 A.2d 825, 827 (1958). No such grounds for revision exist here.

The trial court issued numerous findings of fact in support of its custody order. A review of these findings demonstrated that both parties care deeply for the children and would provide for their needs to the best of their abilities. Nonetheless, the trial court properly recognized that "[t]he opposing desires of hostile parents and the preferences of their offspring must yield to the paramount consideration of the children's well-being." *Cameron* v. *Cameron, supra,* 137 Vt. at 14, 398 A.2d at 295.

We hold that the findings of fact viewed together amply support the trial court's conclusion that it is in the best interest of the minor children for custody to be awarded to the appellee. The findings, fairly and reasonably supported by credible evidence, establish that the children, ages 7 and 8 at the time of the hearing below, would be better off in the appellee's custody. At the same time the court recognized that the appellant could make a significant contribution to the children's development and accordingly provided her with fair and equitable visitation rights. The court's discretion was not exercised on grounds or for reasons clearly untenable.

*Judgment affirmed.*