### Roland T. PHILLIPS, III v. Carole L. PHILLIPS

[664 A.2d 272]

No. 94-075

■■■■■■■

July 14, 1995. Plaintiff appeals from an order of the Bennington Family Court requiring him to reimburse defendant for the amounts she expended to meet her

health insurance deductible during the period he was obligated to pay the premium on such insurance. We affirm in part and reverse in part.

The parties were divorced on March 18, 1992, and the final order required plaintiff "to maintain health insurance for [defendant] and for the children providing all benefits that existed on January 1, 1991 and January 1, 1992." Defendant moved to amend the order in a number of respects including claims that the court erred in not specifying the length of time during which plaintiff had to maintain the health insurance and that because there had been a change in health insurance companies between January 1991 and January 1992, it was unclear as to what coverage plaintiff was obligated to maintain. The motion was denied, and the parties thereafter entered into an agreement purporting to resolve all outstanding issues between them. Portions of the stipulation were incorporated into an amended final order, which contained identical language to the original order with respect to the health insurance. Defendant's concern regarding the change in policies between 1991 and 1992 was not addressed. The amended order limited plaintiff's obligation to ten years and provided for termination if defendant became employed under certain conditions.

Defendant filed a motion to enforce the order, alleging that plaintiff refused to abide by the terms with regard to the health insurance. At the hearing on the motion, the evidence disclosed that the deductible amount on the health insurance had increased from $100 to $500, and then to $1000; plaintiff initially paid the deductible when it increased to $500, but refused to pay over $100 after the increase to $1000. The court found that in July 1992 plaintiff promised defendant that he would continue to pay the policy's deductible, and ordered plaintiff to continue to pay the deductible for the length of his obligation to provide the insurance.

In this Court, plaintiff argues that the stipulation and its incorporation into the amended final order settled all outstanding issues between the parties and extinguished any oral contract. Defendant argues that plaintiff's earlier agreement to pay the deductible eliminated this as a contested issue, and it was therefore not resolved by merger into the final agreement.

The trial court found that plaintiff had no obligation to pay the deductible under either the original or amended order, but concluded that, as part of the negotiations of potentially appealable issues, plaintiff promised to pay the deductible in July 1992, and ordered plaintiff to reimburse defendant for the deductibles paid during the period of obligation.

We affirm the order requiring plaintiff to make the deductible payments, but on different grounds. See *Hudson v. Town of East Montpelier*, 161 Vt. 168, 170, 638 A.2d 561, 563 (1993) (this Court not required to adopt trial court's rationale in affirming its conclusions). The parties agreed, and the court ordered, that plaintiff maintain defendant's health insurance providing all the benefits which existed on the named dates. "Benefit" is defined as pecuniary help in time of sickness. Webster's Ninth New Collegiate Dictionary 144 (1991). In the context of insurance, it customarily means the amount to be paid to the beneficiary. See *Mack Boring & Parts v. Meeker Sharkey, Moffitt*, 930 F.2d 267, 273 (3d Cir. 1991). The amount actually received is calculated by subtracting the applicable deductible from the benefit amount provided in the policy. The functional purpose of a deductible is to simply alter the point at which the insurer's obligation to pay ripens. *American Nurses Ass'n v. Passaic Gen. Hosp.*, 484 A.2d 670, 673 (N.J. 1984). Its effect is to reduce the amount the beneficiary would otherwise receive.

The agreement and order called for the

maintenance of insurance with the same benefits, not insurance with benefits reduced by a larger deductible. Plaintiff's argument, taken to its logical extreme, would permit the procurement of a policy with a deductible eliminating most if not all benefits. We cannot endorse such a revision of plaintiff's obligation. See *Milton Bd. of Sch. Directors v. Milton Staff Ass'n,* 163 Vt. 240, 244, 656 A.2d 993, 995 (1995) (Court will not rewrite contract or construe contract to alter rights of parties, but will enforce it according to its terms).

Unfortunately, we cannot put the matter to rest. The parties stipulated to insurance coverage for benefits in policies existing on two different dates. The evidence indicates that different plans were in effect on those two dates. The problem was raised in plaintiff's motion to amend, but never resolved. As we have pointed out, stipulations must be carefully constructed and drawn, and if they are not, they should not be incorporated in an order. *Cooper v. Cooper,* 132 Vt. 619, 621, 326 A.2d 145, 147 (1974). This shortcoming requires a remand for a resolution of this issue.

*Affirmed in part and reversed in part; remanded for further proceedings in accordance with this opinion.*