STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of East Barre      }
Mobile Home Park, Inc. and       }
Pleasant View Mobile Home        }    Docket No. 152-7-00 Vtec
Park, Inc.                       }
                                 }

Decision and Order on Appellants' Motions for Summary Judgment

Appellants East Barre Mobile Home Park, Inc. and Pleasant View Mobile Home Park, Inc. appealed from two decisions of the Zoning Board of Adjustment (ZBA) of the Town of Barre issued on June 21, 2000, granting certain variance requests not at issue in these appeals, and denying variances from § 3.7(c) of the Zoning Regulations. Appellants have appeared through their vice-president Linda Labrie; the Town is represented by Bruce Bjornlund, Esq. Appellants have moved for summary judgment, requesting that the Court find 1) that § 3.7 does not apply to Appellants' mobile home parks; 2) that § 3.7 in its entirety discriminates against mobile homes; 3) that § 4.10 [and not § 3.7] controls the development of mobile home parks within the Town of Barre; 4) that § 2.2 does not require a zoning permit when a change of mobile homes takes place on an existing lot as long as the setback does not change; 5) that the Town be required to pay Appellant Pleasant View Mobile Home Park, Inc. the cost of installing the slab on lot 16; and 6) if the Court finds that § 3.7 is applicable to Appellants' mobile home parks, that the Court grant Appellants a variance from the slab requirement of § 3.7.

We note at the outset that request number 5 above is beyond the jurisdiction of an appeal from a ZBA decision. If Appellants should prevail in this appeal, they may file in Superior Court any claim for damages for which they have a cause of action arising from the circumstances of this case. Material facts are in dispute as to request number 6 above, that is, whether the five factors supporting a variance are present under the circumstances of this case.

We will address the remaining four issues on summary judgment, to the extent that the materials supplied allow us to do so. We note that although Appellants have unnecessarily supplied photocopies from the Vermont statutes and certain Vermont Supreme Court cases, they have not supplied a complete copy of the Barre Town Zoning Ordinance. In particular, § 1.6 (definitions) and § 4.0 (as to the uses allowed in Residential Zone A as permitted or conditional uses) have not been provided, and may be necessary to resolution of this appeal. Appellants have quoted § 2.7 (as to non-conforming uses and non-complying structures) at pages 12 to 13 of their memoranda, although they have not supplied a copy in their associated materials. The following facts are undisputed unless otherwise noted.

Section 3.7(c) was adopted as part of the Barre Town Zoning Ordinance on April 13, 1971. Almost all the mobile home sites in Appellants' parks are compacted gravel beds. Section 3.7(c)

of the Zoning Ordinance requires all mobile homes, whether within a mobile park or on a rented or owned lot, to be placed on a foundation or slab of concrete or asphalt no smaller in size than the outside dimensions of the mobile home.

East Barre Mobile Home Park, Inc. owns and operates a seven-lot mobile home park in the Residential A district. It was first developed in 1955 and has existed in its present configuration since the 1960s. Without § 4.0 of the Zoning Ordinance, the Court cannot determine whether it is a conforming use in the Residential A district. It contains some lots which are pre-existing and may be nonconforming as to lot setback, depending on the size of the mobile homes placed on them. It contains some lots which contain gravel pad supports for the mobile homes, and are non-conforming as to the asphalt or concrete slab foundations required by § 3.7(c), but Appellants have not stated which specific lots lack the slab foundations, for which Appellants seek the variances at issue in the present appeals. Because the lots with their gravel pads predate the adoption of § 3.7(c), the placement of new, larger mobile homes on the gravel pads should have been addressed under § 2.7(3), which only requires a finding that no greater detrimental effect on the community will result, rather than a positive finding on all five variance criteria.

Pleasant View Mobile Home Park, Inc. owns and operates a mobile home park in the Commercial zoning district. It was first developed in 1961. Lots 2 through 18 existed in their present configuration since at least 1968. Lots 19 through 22 were developed in 1988 under a ZBA permit #88-71. The mobile home park is a pre-existing, nonconforming use in the Commercial zoning district. Lots 2 through 18 are pre-existing. The structures on them may be nonconforming as to lot setback, depending on the size of the mobile homes placed on them. Some of these lots contain gravel pad supports for the mobile homes, and are non-conforming as to the asphalt or concrete slab foundations required by § 3.7(c), but Appellants have not stated which specific lots lack the slab foundations, for which Appellants seek the variances at issue in the present appeals. On Lots 2 through 18, because the lots with their gravel pads predate the adoption of § 3.7(c), the placement of new, larger mobile homes on the gravel pads should have been addressed under § 2.7(3), which only requires a finding that no greater detrimental effect on the community will result, rather than a positive finding on all five variance criteria.

Lots 19 through 22 are not pre-existing, but were created under the terms of a permit which has not been supplied. If they are nonconforming as to lot setback or as to the asphalt or concrete slab foundations required by § 3.7(c), that nonconformity may have been authorized by Permit #88-71. However, Appellants have not provided Permit #88-71 from which the Court could determine what was authorized by it in 1988. Further, Appellants have not stated which specific lots lack the slab foundations, for which Appellants seek the variances at issue in the present appeals. It is possible, depending on the terms of the permit, that a variance may not be required for the lack of slabs on Lots 19 through 22.

The Town takes the position that § 2.2, requiring a zoning permit for land or building development, requires a zoning permit to be obtained each time one mobile home replaces another on a lot in Appellants' parks. The Town's position is that the slab requirement of § 3.7(c) may be imposed at such time, even on a preexisting, nonconforming lot. First, it is unclear to the Court whether this issue is before the Court at all, as Appellants applied for the variances at issue in the present case, rather than appealing the Zoning Administrator's determination that

zoning permits were required. In any event, without the definitions section of the Zoning Ordinance, the Court cannot determine whether the placement of a new mobile home in the footprint of a former mobile home would constitute land development or building development under the ordinance. Depending on the definition of land or building development, the movement of a new mobile home into the place of a former mobile home may require a zoning permit only if the new mobile home is larger than the former mobile home, as the setbacks would change under those circumstances. That is, while the residential use of the lot would not have changed, the size of the structure on the lot could have changed. However, the provisions of § 2.7 as to nonconforming lots would still apply. Therefore, Appellants' Motion for Summary Judgment is DENIED on request 4, as material facts are in dispute.

Appellants also argue that 10 V.S.A. § 6204(e) exempts their mobile home parks entirely from the requirements of § 3.7(c). Section 6204(e) provides that:

Notwithstanding any other provision of this section, where a mobile home park is a nonconforming use under local zoning regulations, its status regarding conformance or nonconformance shall apply to the parcel as a whole, and not to any individual mobile home lot within the park. The vacancy of any individual mobile home lot shall not be considered a discontinuance or abandonment of the nonconforming use.

The Town contests its effective date compared with the applications on appeal in the present case. However, because it is a remedial statute, it is given effect in pending cases and applications such as this one. Myott v. Myott, 149 Vt. 573, 547 A.2d 1336 (1988). Nevertheless, all that it provides is that, in a district in which a mobile home park is a nonconforming use, individual mobile homes may come and go within the park without the vacancy of a particular lot being considered a discontinuance of the nonconforming use. It does not affect the treatment of dimensional nonconformities in particular lots in the park. For example, if a particular size home on a mobile home park lot already fails to meet the setback requirements, but is allowed because the lot size is preexisting, the installation of a larger home on that lot would have to be considered as an expansion of the nonconformity under § 2.7 of the Zoning Ordinance. Therefore, Appellants' Motion for Summary Judgment is DENIED on requests 1 and 3; Summary Judgment is entered in favor of the Town that 10 V.S.A. § 6204(e) does not exempt Appellants' mobile home parks from the requirements of § 3.7(c), and that § 4.10 applies as well to Appellants' mobile home parks.

Under state law, a municipality may impose more restrictive requirements on mobile home parks and mobile homes than are contained in 10 V.S.A. Chapter 153, regulating mobile homes and mobile home parks, to the extent the municipality is authorized to do so under other legislation, such as the zoning enabling act. 10 V.S.A. § 6204(a). However, the zoning enabling act includes 24 V.S.A. § 4406(4)(A), which requires mobile homes to be treated the same as conventional housing. In re Appeal of Lunde, 166 Vt. 167, 169-170 (1997). The Town appears to have conceded that 24 V.S.A. § 4406(4), when added to the zoning statutes in 1975, nullified § § 3.7(a) and (b). Appellants argue that 24 V.S.A. § 4406(4) nullified § 3.7(c) as well.

Two sections of the Zoning Ordinance specifically apply to mobile homes: § § 3.7 and 4.10. Section 4.10 applies to mobile home parks, adopting the state law. Section 3.7 applies to mobile

homes regardless of whether they are located in a mobile home park or on a separate owned or leased lot. However, the parties have not supplied the remainder of the Zoning Ordinance from which the Court could determine whether a similar foundation or support requirement applies to conventional housing. It is possible that the definition of structure or dwelling makes reference to a foundation, or that § 3.10 (Residential Structures) contains such a requirement, or that some other regulation in Article IV demonstrates such a requirement, but it has not been supplied to date to the Court. If the Zoning Ordinance would allow a house to be built, for example, on concrete piers over a gravel pad, then Appellants' argument that mobile homes are being treated differently from conventional housing should be considered on its merits. Therefore, Appellants' Motion for Summary Judgment is DENIED on request 2; material facts are in dispute as to whether mobile homes are treated the same as conventional housing with regard to this requirement.

Accordingly, based on the foregoing, the Court hereby rules on Appellants' Motion for Summary Judgment as follows:

Appellants' Motion for Summary Judgment is DENIED on requests 1 and 3. Summary Judgment is entered in favor of the Town that 10 V.S.A. § 6204(e) does not exempt Appellants' mobile home parks from the requirements of § 3.7(c), and that § 4.10 applies as well to Appellants' mobile home parks.

Appellants' Motion for Summary Judgment is DENIED on request 2. Material facts are in dispute as to whether mobile homes are treated the same as conventional housing with regard to the slab requirement.

Appellants' Motion for Summary Judgment is DENIED on request 4. Material facts are in dispute as to whether a change of mobile homes requires a zoning permit if the setbacks do not change.

Appellants' Motion for Summary Judgment is DENIED on request 5; Summary Judgment is entered in favor of the Town that a request for damages is beyond the jurisdiction of an appeal from a ZBA decision.

Appellants' Motion for Summary Judgment is DENIED on request 6. Material facts are in dispute as to whether either of the Appellants qualifies for a variance from § 3.7(c) for any particular lot. However, the Court has noted the possible applicability of § 2.7 of the Zoning Ordinance for preexisting, nonconforming lots.

The Court will hold a telephone conference with the parties on May 4, 2001, to discuss the next steps in this appeal. We will expect the parties to address whether they wish to supply the remainder of the Zoning Ordinance and any additional material facts, to renew the motions on requests 2 and 4. We will expect the parties to address whether any remand should take place to allow any application to be made under § 2.7. The notice of the time for that conference is enclosed with this decision.

Done at Barre, Vermont, this 23rd day of April, 2001.

_____
Merideth Wright
Environmental Judge