Doreen MARVELL v. Jeffrey L. NICHELSON

[816 A.2d 527]

No. 02-054

December 9, 2002. This is an appeal by father from an order of the family court granting custody of son, Coyote, to mother in a parentage action filed by her. Father claims on appeal that the trial court made findings that were not supported by the evidence, preferred mother over father for financial reasons, failed to consider Coyote's future life in Oregon with mother compared with life in Vermont with father, focused on the best interests of the mother rather than Coyote, and improperly applied a preference for mother on the basis of gender. We affirm.

The trial court found the following facts. The parties lived together for many years, but they were never married. Their son, Coyote, was born in 1993. In October 2000, they separated and thereafter had a contentious relationship with respect to their son, especially concerning visitation. Mother filed the parentage action in May 2001 to settle paternity, which father has always acknowledged, as well as custody and visitation. Father also asked for custody.

During the course of the relationship, mother worked as a teacher, while father worked in a number of part-time jobs. Mother took care of Coyote for the first seven months of his life, after which she returned to her work. Despite working full-time, mother handled the large majority of household work — shopping for food and clothes, housework, and cooking meals. Mother also took care of birthday and Christmas presents and holiday costumes. The trial court found that mother has been more sensitive to Coyote's needs following the separation and

in seeking to resolve problems when they have arisen at school.

Father cared for Coyote until he went to nursery school at two years old. The trial court found that working part-time was more a matter of father's preference than it was a requirement for handling his child-care responsibilities. Father has also played a very supportive role in Coyote's education and was active in a private school that Coyote attended, serving on the board of directors of the school.

During the course of the separation, mother decided to move to Oregon and obtained a higher paying teaching job there. She also intended to participate in a family business that her brother and family members had begun in Oregon. As a result of her improved financial circumstances, she expected to be able to own her own home in Oregon. The court found that mother's move was based upon sound, practical reasons and that Coyote's long term interests were best served by accompanying his mother to Oregon.

Neither party was found to be the primary caretaker, and the evidence was relatively equal with respect to both parties. Each party had some negatives, but the court found that each parent has a close and loving relationship with Coyote; that each has an equal ability to continue to provide Coyote with love, affection and guidance, adequate food and clothing and a safe environment; and that each has the ability to meet Coyote's future needs. However, the court found that mother offered greater stability than father. She has achieved a stable career, in contrast to father. The court concluded that mother had a more generous nature, and had demonstrated more of a propensity for stability and commitment which would better serve Coyote's interests in the long run. The court was also concerned about illegal drug use by father, at least in the past, some of which took place in front of Coyote, and father's loss of his driver's license because of speeding tickets.

The standard of review in custody cases is deferential. We will not disturb the trial court's custodial order unless the court abused its discretion or failed to exercise it. *Myott v. Myott*, 149 Vt. 573, 578, 547 A.2d 1336, 1339 (1988) (trial court has broad discretion in custody matter and Supreme Court will affirm unless discretion is abused or exercised upon unfounded considerations to an extent clearly unreasonable).

Father first contends that the findings outlined above are not supported by credible evidence and that the conclusions are not supported by the findings. Father argues a different interpretation and conclusion from the trial court's analysis of various statutory factors, essentially asking for a different result after reconsideration of the evidence on appeal. The trial court was entitled to make findings and weigh the evidence, however, and there is ample factual support for its findings in the record. Moreover, in custody cases, the trial court's conclusion, based on the findings, is entitled to deference as long as it is supported by and consistent with the findings. Again, there is no error. *Begins v. Begins*, 168 Vt. 298, 301, 721 A.2d 469, 471 (1998). This was a close case in which the trial court acknowledged the strengths and weaknesses of both parties and, because the parties could not agree, had to make a choice. *Cabot v. Cabot*, 166 Vt. 485, 493, 697 A.2d 644, 649 (1997). Under our standard of review, we will not disturb the trial court's decision where there has been no abuse of discretion.

Next father contends that the court preferred mother over father for financial reasons because a large part of mother's reason for moving to Oregon was financial. Father misreads the court's opinion. The court determined mother should be awarded custody based on the entire situation of the parties. Those factors included mother's stable

employment, her commitment to the household in general, her sensitivity to Coyote's needs, and her generosity as a person. The court found that father was less committed to the household, less committed to building a stable life and, although a loving father, was less attuned to Coyote's anxiety about the separation of his parents. It was not improper for the court to consider mother's financial circumstances as a part of this general picture in determining which parent would best provide for Coyote.

Father's third assignment of error is that the trial court failed to compare Coyote's proposed life in Oregon with mother to life in Vermont with father, pursuant to our decision in *Gazo v. Gazo*, 166 Vt. 434, 442, 697 A.2d 342, 346 (1997). Contrary to father's claim, the court heard sufficient testimony about the move to Oregon to assure itself that mother's move was not for a spiteful purpose or undertaken to thwart father's rights. Mother was well versed in what she believed to be superior educational opportunities available in Oregon in the public schools. Mother looked forward to a better paying teacher's job and other financial opportunities that would improve the circumstances of the family overall. The court heard testimony about mother's future living circumstances and about the relationship between Coyote and mother's family, who would also be living in Oregon. Finally, the court considered the negative aspects of moving and concluded that Coyote's best interests were served by granting custody to mother, even if the family relocated to Oregon.

Father contends further that the court focused on the best interests of mother, rather than Coyote. Father emphasizes that the court found that while mother can no longer have children because of a hysterectomy, father can. Father relies on our recent decision in *Cloutier v. Blowers*, 172 Vt. 450, 455, 783 A.2d 961, 965 (2001), where we reversed the trial

court's award of custody to the mother based on the emotional devastation that would result to her if she did not gain custody. Nothing in the trial court's decision, including these findings, would lead us to the conclusion that the court focused on mother's best interests rather than Coyote's. It was mother's stability and the court's sense of what kind of life mother would build for Coyote on the basis of that stability that motivated the court's decision here, rather than concern for mother's interests given her inability to have children.

Finally, father claims that the trial court exhibited "subtle gender bias" because it placed a premium on mother's performance of more of the home care responsibilities. There was evidence that home care responsibilities became an issue because father completely neglected them, even when mother was recovering from surgery. Other evidence indicated that father was lax in meeting other household responsibilities relating to repair and maintenance of the rental property that father and mother shared with another couple. It is fair to say that as a result of father's attitude toward home, life and work, the trial court found that mother would create a better environment for raising a child. This was not subtle gender bias; it was a determination of the best interests of the child based on the facts before the court.

In sum, the court valued father's love, affection and devotion to his son, but other factors tipped the balance in favor of mother. There was no error.

*Affirmed.*