**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | |
|---|---|
| Appeals of Valsangiacomo, et al. } } } } } | Docket No. 130-8-03 Vtec and 64-4-04 Vtec |

Decision and Order on Applicable Review Criteria

Docket No. 130-8-03 Vtec is the appeal from the July 21, 2003 decision of the Development Review Board (DRB) of the City of Barre, approving an application to demolish a former convent building at 79 Summer Street. Docket No. 64-4-04 Vtec is the appeal from the March 9, 2004 decision of the DRB to approve the demolition of the convent in connection with approval of a site plan for construction of an addition to the school and a two-car garage to serve the rectory, with associated redesign of the on-site vehicular and pedestrian circulation and parking, access to the street, paving, and landscaping, including relocation of an existing statue and memorial garden. Appellants are represented by Stephanie J. Kaplan, Esq.; Appellee-Applicants Roman Catholic Diocese of Burlington and its Parish of St. Monica are represented by William M. O' Brien, Esq.; the City of Barre is represented by Oliver L. Twombly, Esq.

The hearing on the merits of these applications is now scheduled for January 4, 5, 11, and 12. At a telephone conference held on December 10, 2004, we established that, of the twelve review criteria found in § 10.2.08 of the Zoning Regulations, the parties agreed about the scope and applicability of ten of the criteria, and we established a very short schedule for any supplementary memoranda to be filed on the scope of the remaining two (criteria 1 and 3).

The parties agreed that review criteria 7, 8, 10, and 11 are inapplicable to the application before the Court (or that the application's compliance with them is not contested by the parties). Review criterion 10 is the only one that addresses noise.

The parties agreed that review criteria 2, 4, 5, 6, 9 and 12 are applicable to the application before the Court. Review criterion 6 includes pedestrian and vehicular circulation, both on-site and as it connects with the adjacent streets. Review criterion 12 ' encourages' applicants to use attractive lighting fixtures that minimize light pollution.

As we noted in the October 5, 2004 summary judgment decision, the state statute governing municipal zoning and planning has been amended, and we use the terms ' former' statute and ' current' statute when distinguishing between provisions that have changed or have been renumbered. The Zoning Regulations of the City of Barre were also amended, effective August 5, 2003. While we are using the numbering in the new ordinance, the substance of the applicable regulations has not changed.

In the summary judgment decision of October 5, 2004, analyzing these appeals under the federal Religious Land Use and Incarcerated Persons Act (RLUIPA), we ruled (at pp. 8-9) that:

Moreover, and most importantly, 24 V.S.A. § 4413(a) ensures that municipal zoning ordinances in Vermont will be applied so as to comply with this section of RLUIPA, 42 U.S.C.A. § 2000cc(a)(1), by requiring that the regulations be applied only to the extent that they " do not have the effect of interfering with the intended functional use." That will be the test applied by the Court in its de novo consideration of the merits of this application.

Between the issuance of that decision and the memos filed on December 17, 2004, no party contested[1] that current § 4413(a) is applicable, rather than former § 4409(a). However, Appellee-Applicant now asks the Court to apply former § 4409(a) rather than the amended section recodified as § 4413(a), arguing that the former statute precludes the regulation of " location, traffic, noise and lighting." We address this argument as it does not change the result in this instance.

Former 24 V.S.A. § 4409(a) provided that, " unless reasonable provision is made for the location of any of the following" listed uses (including " churches and other places of worship, convents, and parish houses" and schools), the listed uses may only be regulated with respect to " size, height, bulk, yards, courts, setbacks, density of buildings, off-street parking and loading facilities and landscaping and screening requirements." The Vermont Supreme Court elucidated former § 4409(a) in In re Appeal of Department of Buildings and General Services, 176 Vt. 41; 2003 VT 92 (2003), explaining that the use of the term " location" in the first clause did not mean that the municipality was free to regulate those uses generally, once it had provided for their location some place within the municipality. Rather, the Supreme Court explained that location was simply another of the attributes that a municipality could regulate for the listed uses. Following that interpretation, amended § 4413(a) eliminated the confusing introductory phrase, and incorporated ' location' as one of the list of attributes the municipality could regulate. Thus, location was a regulated attribute under both the former and the amended statute, and applies to this appeal.

As compared with former § 4409(a), the amended section further limited all municipal regulation of such projects by the requirement that the listed municipal regulations may be applied " only to the extent that regulations do not have the effect of interfering with the intended functional use." 24 V.S.A. § 4413(a). In the present appeals, as discussed in the October 5, 2004 summary judgment decision, this limitation is essential to bring Vermont law (and its municipalities' zoning regulations) into compliance with federal law. It reduces the extent of allowable municipal regulation of Appellee's property as compared with that under former § 4409(a). As such, this limitation is a remedial one, which applies to pending litigation as it does not affect a pre-existing right, privilege, obligation or liability. Myott v. Myott, 149 Vt. 573, 576 (1988); and see Agency of Natural Resources v. Towns, 173 Vt. 552, 556 (2001)(mem.).

With respect to noise, lighting, and traffic, added by § 4413(a), the parties already agreed that the noise-related criterion 10 does not apply, that the lighting-related (although merely hortatory) criterion 12 does apply, and that the on-site and street-access pedestrian and vehicular circulation criterion 6 does apply. Even if it were not already agreed to be applicable, criterion 6 relates as

much to the former § 4409(a) attributes of parking and loading facilities, yards, courts, setbacks, landscaping and screening as it does to the traffic attribute added by § 4413(a), and therefore is applicable even under § 4409(a). While an assessment of the traffic to be generated by the proposed use might not be covered except by the addition to § 4413(a), no party claims that any traffic-generation issue is presented by the review criteria applicable to this case.

However, the term 'location' cannot be read quite as broadly as argued by Appellants. The City is entitled to regulate the location of any proposal, including proposals for construction and proposals for demolition. The term ' location' encompasses the proposal's location within the City's various zoning districts, its location within the site (hence allowing site plan review), and its location vis-à-vis other structures and uses in the area (hence allowing a consideration of the character of the area).

Thus, review criterion 1 is applicable only in part (and as further limited by the requirement of non-interference with the intended functional use). Review criterion 1 requires applications to " be compatible with the streetscape (front yard setback) and character of the area in proposing consideration of exterior design, arrangement, orientation, texture and materials, so that they relate to the surrounding buildings and structures in that area." Of these considerations, it is the ' exterior design,' ' texture' and ' materials' of the proposal that are limited by the state statute (the same in former § 4409(a) as in the current § 4413(a)). As with the factors in criterion 2, which the parties agree is applicable, the exterior design, texture, or materials of the proposal may be considered only with respect to the proposal's compatibility with the streetscape and surrounding area, and not with respect to any unrelated assessment of the project's aesthetics or design.

Similarly, review criterion 3 is applicable only in part, (and also as further limited by the requirement of non-interference with the intended functional use). Review criterion 3 may be applied only as it addresses the location of the proposal, that is, to assess the proposal's effect on an adjacent "recognized[2] historic structure." Neither former § 4409(a) nor current § 4413(a) allows the Court to assess the proposal's own inherent historic, architectural or aesthetic values, whatever they may be.

Done at Barre, Vermont, this 21st day of December, 2004.

_____
Merideth Wright
Environmental Judge

**Footnotes**

[1] 24 V.S.A. §4413(a) may reasonably be said to be the law of this case, as the Court relied on it in its summary judgment ruling and stated that it would be the test to be applied in the merits, which is now scheduled (again) to begin in two weeks. See, Haynes v. Golub Corp., 166 Vt. 228, 235 (1997) ("Where the trial court proceeds upon a theory of the case, and the theory is acquiesced in by the parties, the theory becomes the law of the case.")

[2] We note that the parties have not briefed, nor has the Court determined, whether mere eligibility for an historic listing qualifies a structure as a "recognized historic structure" under criterion 3, as stated in Appellants' memorandum.