STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Unified Buddhist Church, Inc. | } | Docket No. 191-9-05 Vtec |
| (Appeal of Lull's Brook Watershed Ass'n, <u>et</u> <u>al.</u> | } | |
| | } | |

<u>Decision and Order on Question 8 of Applicant's Statement of Questions</u>

Appellants Lull's Brook Watershed Association, John and Amy Zelig, Sterling R. and Marion Monk, Catherine Bacon, Peter Gordon, and Elaine Brousseau appealed from a decision of the District Environmental Commission #3 granting Cross-Appellant-Applicant (Applicant) Unified Buddhist Church, Inc.'s application for a land use permit for the Buddhist Dharma Center on a 148-acre parcel of property in the Town of Hartland. Appellants are represented by David Grayck, Esq.; Applicant is represented by James P. W. Goss, Esq.; and the Natural Resources Board is represented by John H. Hasen, Esq. The Agency of Natural Resources appeared as an Interested Person through Catherine Gjessing, Esq. but did not participate in the briefing of the present issue. Appellants, Applicant, and the Natural Resources Board all filed memoranda requesting the Court's resolution of Question 8 of Applicant's Statement of Questions as a preliminary question of law.

The so-called permit reform bill, 2003, No. 115 (Adj. Sess.)[1] (also referred to in this decision as "Act 115"), was passed in the spring 2004 legislative session. Among other things, it substantially amended the appeals process from permit decisions made by

---

[1] The citation convention for laws passed by the legislature is to use the initial year of each biennial session (in this case, 2003), followed by the abbreviation of "Adjourned Session" to indicate the second year of the session.

1

District Commissions under Act 250 (10 V.S.A. Ch. 151). Under §119[2] of Act 115, certain of the sections of the new law took effect on July 1, 2004, and other sections (including the appointment of a second environmental judge) took effect on January 31, 2005.

Under §119(a) of Act 115, section 54 of Act 115 (amending 10 V.S.A. §6084, and transferring the topics formerly contained in §6085(a) and (b) to amended §6084(c), (d) and (e)) took effect on July 1, 2004. It dealt with the question of who has to receive notice of the filing of an Act 250 application at the district commission level and provided for major and minor applications "in accordance with board rules." It added a requirement that the applicant furnish the district commission with names of adjoining property owners, and added a requirement that the district commission provide notice of hearings and notice of the commencement of review for minor applications to be sent to adjoining landowners "as deemed appropriate by the district commission pursuant to the rules of the board." 10 V.S.A. §6084(a), (b).

Under §119(a) of Act 115, section 55 of Act 115 (amending the party status provisions of 10 V.S.A. §6085) and section 75 of Act 115 (adding 10 V.S.A. Ch. 220 (10 V.S.A. §8501, et seq.) providing for consolidated environmental appeals), took effect on January 31, 2005. Under §121(a) of Act 115, commencing on January 31, 2005, all new appeals within the scope of the new 10 V.S.A. Chapter 220 were to be filed with the Environmental Court.

Thus, as of July 1, 2004, all potential applicants for Act 250 permits were put on notice that the route of appeal for decisions of the district coordinators and district commissions would change from the state Environmental Board to the judicial branch

---

[2] In addition, §119(a) refers to 24 V.S.A. §4481, which provides a schedule under which certain of the statutory sections, pertaining to municipal zoning and planning, control over inconsistent municipal ordinances. Section 119 must also be read together with 2003, No. 122 (Adj. Sess.), §296, adopted later in the same legislative session, providing corrections to Section 119.

Environmental Court, on or about[3] January 31, 2005, and that obtaining and retaining party status at the district commission level would be required to have standing to bring an appeal to the Environmental Court.[4] 10 V.S.A. §8504(d).

Applicant Unified Buddhist Church, Inc., owns a 148-acre parcel of property in the Town of Hartland between Town Farm Hill Road and the Brownsville-Hartland Road. Access to the main portion of the property to the north of Lull's Brook is via Town Farm Hill Road. Access to the portion of the property located southerly of Lull's Brook is via the Brownsville-Hartland Road. Applicant applied for an Act 250 land use permit to build new buildings and renovate existing buildings, including the proposed installation of a new septic disposal leach field on the portion of the property located southerly of Lull's Brook. The application was filed with the District Commission on December 27, 2004, approximately seven months after the passage of the legislation changing the appeals route for Act 250 appeals, and about[5] a month before the January 31, 2005 effective date of the new 10 V.S.A. Chapter 220 and the amended 10 V.S.A. §6085.

The District Commission held its first hearing and site visit, and issued its

---

[3] Section 121(b) of Act 115 allowed the former environmental board to continue to exist to complete its consideration of any action pending before it as of January 31, 2005, except that appeals received before that date for which the board had "not yet initiated proceedings" were required to be transferred to the Environmental Court.

[4] Section 8504(d)(2) allows the environmental judge to allow an "aggrieved person" to appeal to the environmental court, notwithstanding a lack of party status at the district commission, if there was a procedural defect which prevented the person from obtaining party status or participating in the district commission proceeding, or if some other condition exists which would result in "manifest injustice" if the person were not allowed to appeal. In addition, §8504(d)(2) provides for appeals to the Court from the grant or denial of party status.

[5] See footnote 3, above.

3

preliminary party status determinations on January 25, 2005; held a second day of hearing on February 1, 2005, held a third day of hearing on February 15, 2005 (including ruling on a party status request made that date); held a fourth day of hearing on April 19, 2005; and adjourned the hearing on June 27, 2005, after its review of the record and completion of deliberations. The District Commission issued its decision on the merits of the application on June 28, 2005, received three timely motions to alter, and issued its final Findings of Fact, Conclusions of Law, and Order, and associated Land Use Permit (#3W0929(Altered)) on August 17, 2005. The final decision included the District Commission's final determinations of party status made under 10 V.S.A. §6085(c)(6) (as amended by Act 115)[6], referring to its preliminary determinations of party status as having been made under 10 V.S.A. §6085(c)(2) and Environmental Board Rule 14(F).

Appellants filed their appeal of this decision on September 14, 2005, with the Environmental Court. Applicant filed a cross-appeal on September 21, 2005, challenging the District Commission's determinations of party status, and requesting in Question 8 of its Statement of Questions that party status be determined under former Environmental Board Rule 14 and the statutes that were in effect on the date of its initial application to the District Commission at the end of 2004. The Environmental Court provided for the determination of Question 8 of Applicant's Statement of Questions in advance of other pretrial motions, including any motions to dismiss any parties for lack of party status, as provided in V.R.E.C.P. 5(d)(2). The trial on the merits of this application is scheduled for

---

[6] As of January 31, 2005, district commissions were required to revisit the question of party status and make a final determination at the close of the district commission hearing, as, under the new party status and appeal regime, a determination of party status has wider-ranging implications than it did before the statutory amendments. 10 V.S.A. §§8504(d)(1) and 6085(c)(6). In the present case, the District Commission undertook this review at the close of its hearing, as reflected in its August 17, 2005 decision, well after the effective date of the changed appeals regime for Act 250.

4

June 20-23 and June 26, 2006.

First, it is important to avoid conflating the question of the various Appellants' party status in this Environmental Court appeal with the question of which version of the statute should apply in the event of an appeal to the Supreme Court from a future decision by the Environmental Court on the merits of this application. Under 10 V.S.A. §§6085(c)(1) and 6089(b) as they existed in December of 2004, even if adjoining property owners or other non-statutory parties were granted party status in district commission or Environmental Board proceedings, they were not entitled to bring an appeal to the Vermont Supreme Court. That limitation was repealed by the amendments contained in Act 115, which provided in 10 V.S.A. §8505 for standing to bring appeals to the Supreme Court from decisions of the Environmental Court under Act 250 and the other programs covered by the consolidated appeals provisions of 10 V.S.A. Chapter 220.

It will be for the Vermont Supreme Court and not this Court to determine, if necessary, whether 10 V.S.A. §8505 applies in any appeal that may be brought to it in the future from a decision of this Court in this case. It would be an impermissible advisory opinion, as well as premature, for this Court to suggest which version of the enabling statute should apply in an appeal to the Supreme Court. Accordingly, this Decision and Order will limit the remaining discussion to the question of which party status provisions govern this Court's determinations of party status in this <u>de</u> <u>novo</u> appeal, and the procedural mechanism for raising those issues to this Court.

This Court only has jurisdiction of Act 250 appeals from district commissions as provided under the statutory amendments. Under Act 115, this Court has jurisdiction over any appeal filed after January 31, 2005, such as the present appeal. Under §8504(d), this Court has jurisdiction of appeals of party status determinations, whether interlocutory or embedded in a final decision, as here.

5

No litigation of the present case was pending in any court as of the passage of Act 115 in July of 2004, nor as of the January 31, 2005 effective date of some of its sections. Therefore, the present case does not even fall within the general doctrine that new statutes do not generally apply to cases that are pending at the time of their effective date, as all that was pending then was the filing of the initial application with the District Commission, not this Court. 1 V.S.A. §§213, 214.  Moreover, even if it had been the appeal to this Court rather than merely the initial application that was filed in late December of 2004, the party status provisions for participation in Environmental Court would need to be analyzed in relation to the 1 V.S.A. §213 exception for "acts regulating practice in court." Ulm v. Ford Motor Co., 170 Vt. 281, 287 (2000).

Further, 1 V.S.A. §214(b) does not prohibit the application of amended party status requirements to the proceedings in this Court, because the amendment of 10 V.S.A. §6085 and the adoption of 10 V.S.A. §8504 only affect procedure: that is, which parties may appear before the Court in this de novo Act 250 appeal.  These changes to these sections do not affect Applicant's substantive rights to have its application considered under the Act 250 substantive criteria found in 10 V.S.A. §6086.  While "Vermont statutory law and case law normally prohibit retrospective application of new and amended statutes," Agency of Natural Resources v. Godnick, 162 Vt. 588, 594 (1994), party status determinations are procedural decisions, as opposed to substantive.  "Statutory changes that are procedural in nature, as opposed to those that affect preexisting rights and obligations, may be applied retrospectively."  Id. (citing Myott v. Myott, 149 Vt. 573, 575-76 (1988)).

Under V.R.E.C.P. 5(d)(2), which took effect as an emergency rule on January 31, 2005, and as an ordinary rule of the Supreme Court on February 21, 2005, a party with party status at the district commission has party status in the proceeding in this Court, until or unless a motion to dismiss that person as a party is filed and granted.  Accordingly, the Court will rule on the party status of any of the Appellants if and when a motion to dismiss

6

them is filed.  Otherwise, as the issue of party status was raised by Applicant in its cross-appeal, we will take those issues up with the other issues on the merits of the appeal.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Question 8 of Applicant's Statement of Questions is resolved as a matter of law as follows: The statutory changes made by the legislature in Act 115, including the new appeals provisions of 10 V.S.A. §8504, as well as the amendments to the party status provisions of Act 250 (10 V.S.A. §6085(c)), apply to this appeal.  The provisions of the Vermont Rules for Environmental Court Proceedings apply to this and any other appeal in Environmental Court.  The issue of which statutory provisions may apply, should any decision of the Environmental Court in this appeal be appealed further to the Vermont Supreme Court, will be for the Vermont Supreme Court to determine.

This appeal will proceed as provided in the Stipulated Scheduling Order.  If Applicant wishes the party status issues to be determined in advance of the hearing on the merits, it may file the motions to dismiss any of the parties as contemplated in ¶2 of the December 6, 2005 Stipulated Scheduling Order.  Otherwise, the party status issues raised in Applicant's cross-appeal will be considered and decided together with the merits of the appeals.  As a telephone conference is scheduled for this afternoon, copies of this Decision and Order are being provided to the parties by fax this morning.  Please be prepared to discuss whether the parties wish to engage in an additional mediation session in light of this Decision and Order.

Done at Berlin, Vermont, this 20th day of March, 2006.

_____
                    Merideth Wright
                    Environmental Judge