STATE OF VERMONT
ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| **South Village Communities, LLC** | } | **Docket No. 74-4-05 Vtec** |
| **(Appeal of Vallee)** | } | **(Master Plan Appeal)** |
|  | } |  |

## Decision on Appellee-Applicant's Motion to Reconsider and Amend

Appellee-Applicant South Village Communities, LLC ("South Village") filed a motion pursuant to Vermont Rule of Civil Procedure ("V.R.C.P.") 59(e), requesting that this Court reconsider and amend its Decision dated July 6, 2006, in which this Court ruled on Appellants Skip and Denise Vallees' ("the Vallees") motion for partial summary judgment and South Village's motion to dismiss. In that Decision ("the July 6 Decision"), this Court denied South Village's motion to dismiss and concluded, in relevant part, that an affordable housing density bonus provision, South Burlington Zoning Regulation ("Regulations") § 13.14, did not apply in the South East Quadrant zoning district ("SEQ District"). South Village's motion was timely filed within ten working days of our July 6 Decision.

South Village raises two main arguments in support of its motion. First, it argues that because Regulations § 9.05 was amended effective April 24, 2006 to provide for an affordable housing density bonus in the SEQ District, there has been a remedial, procedural, or "curative" change in controlling law sufficient to allow this Court to alter our July 6 Decision. Second, South Village argues that the amended Regulations § 9.05 renders the present litigation moot and the Court should therefore vacate the July 6 Decision in its entirety.

V.R.C.P. 59(e) provides a vehicle, by way of a motion to alter or amend, that "allows the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enterprises, Inc., 164 Vt. 582, 588 (1996); see also Osborn v. Osborn, 147 Vt. 432, 433 (1986) (noting that V.R.C.P. 59(e) "codifi[es] the trial court's inherent power to open and correct, modify or vacate its judgments . . . allow[ing] the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of a record resulting from the mistake or inadvertence of the court . . . ."). However, Rule 59(e) is an "extraordinary" remedy that should be used "sparingly;" the decision whether to grant relief lies

within the discretion of the trial court. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure ("Wright & Miller") § 2810.1 (1995 & Supp. 2006); Sargent v. Columbia Forest Prods., Inc., No. 2:93-CV-116, slip op. at 2 (D. Vt. Sept. 7, 1994) (unpublished mem.). "Reconsideration and amendment are permissible under Rule 59(e) to allow a court to respond to an intervening change in controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or to prevent manifest injustice." Id. However,

> [t]he Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose. In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.

Wright & Miller, § 2810.1 (internal footnotes omitted).

South Village's first claims that an "intervening change in controlling law," specifically, an intervening change in Regulations § 9.05, now allows for housing density bonuses in the SEQ District. We will examine the regulatory amendments and their possible impact on our July 6 Decision. This Court is not, however, required or encouraged to consider arguments or evidence presented in a Rule 59(e) motion that a party failed to present prior to the entry of judgment. Wright & Miller, § 2810.1.[1]

> Under Vermont's doctrine of vested rights,
>
> (b) The amendment or repeal of an act or statutory provision, except as provided in subsection (c) of this section, shall not:
>
>> (1) Affect the operation of the act or provision prior to the effective date of the amendment or repeal thereof;
>>
>> (2) Affect any right, privilege, obligation or liability acquired, accrued or incurred prior to the effective date of the amendment or repeal;
>>
>> (3) Affect any violation of the act or provision amended or repealed, or any penalty or forfeiture incurred thereunder, prior to the effective date of the amendment or repeal;

---

[1] As South Village correctly notes in its response brief, the Regulations amendments at issue here went into effect April 24, 2006, after the parties completed briefing on their motions for summary judgment, but almost three months prior to this Court's issuance of the July 6 Decision. South Village's Resp. to Vallees' Reply to Mot. To Reconsider and Amend Judgment, at 1–2. South Village did not, however, submit any briefing on the amendments, or the text of the amendments themselves, for consideration prior to the July 6 Decision. The calendar suggests that South Village had a time period in which to bring the relevant regulatory amendments to the Court's attention, but chose not to do so until after the Court issued its Decision three months later.

(4) Affect any suit, remedy or proceeding to enforce or give effect to any right, privilege, obligation or liability acquired, incurred or accrued under the amended or repealed provision prior to the effective date of the amendment or repeal; <u>and the suit, remedy or proceeding may be instituted, prosecuted or continued as if the act or provision had not been repealed or amended.</u>

1 V.S.A. § 214 (emphasis added).[2]

The only exception to the general rule that post-filing amendments do not affect pending litigation is when the changes are "solely procedural or … remedial in nature." <u>Ulm v. Ford Motor Co.</u>, 170 Vt. 281, 287 (2000); <u>Myott v. Myott</u>, 149 Vt. 573, 575 (1988). A remedial or procedural change is one that does not affect existing rights, privileges, obligations or liabilities. <u>Ulm</u>, 170 Vt. at 287; <u>Myott</u>, 149 Vt. at 575; <u>Appeal of the A. Johnson Co.</u>, Docket No. 220-12-03 Vtec (Vt. Envtl. Ct., Dec. 23, 2004), slip op. at 5. Thus, to be "remedial," the amendment must be one that "works no fundamental change" in the statutory or regulatory standard under which the permit is being considered. <u>Ulm</u>, 170 Vt. at 287; <u>Myott</u>, 149 Vt. at 576; <u>Appeal of the A. Johnson Co.</u>, Docket No. 220-12-03 Vtec at 5.

South Village argues that the amendments to Regulations § 9.05 constitute procedural or "curative" changes in the regulatory scheme that merely clarify the City's intent to have always allowed housing density bonuses in the SEQ District. In support of this argument, South Village has submitted an Affidavit of City of South Burlington Planner Julie Beth Hinds, wherein Ms. Hinds states essentially the same.

Where the meaning of a zoning regulation is clear, however, it must be enforced according to its obvious terms. When faced with interpreting legislative enactments that it deems clear, a court need not and in fact should not delve into the legislative history, searching for the enactors' intent. <u>Kalakowski v. John A. Russell Corp.</u>, 137 Vt. 219, 223 (1979). In other words, "[a] zoning measure will be construed to give its words their ordinary meaning and significance." <u>Id</u>.

As set forth in detail in this Court's July 6 Decision, the previous version of Regulations § 9.05 did not provide for affordable housing density bonuses in the SEQ District. The previous

---

[2] Although the present case involves zoning regulations rather than statutes, "[s]ince the authority to enact ordinances is considered to be derivatory from State authority, an ordinance stands no better than a statute" and is, therefore, subject to the same policy limitations. <u>In re Presault</u>, 132 Vt. 471, 474 (1974).

regulation was clear on its face. This Court therefore need not consider Ms. Hinds' testimony regarding the meaning of the previous regulation.

With respect to the amended § 9.05, and § 9 in its entirety, it is clear that the City has substantially revised the standard under which residential zoning applications for the SEQ District are considered. The standards that now govern a permit application such as South Village's are significantly different than those in effect at the time South Village's pending application was filed. For instance, as the Vallees note, the amended § 9.05(C) adds a specific provision allowing for a housing density bonus in the SEQ-VR and SEQ-VC Districts. In addition, the City has also enacted substantial changes to the provisions regarding Maximum Assigned Density (see Regulations § 9.05(A), increasing the allowable density on lots in the SEQ-VC District that were in existence as of April 24, 2006), and Average Development Density, (see Regulations § 9.05(B), increasing the allowable density on new lots in the entire SEQ District). These changes, particularly when viewed with the other substantial amendments to the South Burlington regulatory scheme, change the substantive standards under which residential permit applications must now be considered. They are clearly not remedial or curative.

South Village also argues that the amended Regulations § 9.05 renders the present dispute moot and that the Court should therefore vacate its July 6 Decision because there is no longer a "live controversy." South Village's Mot. to Reconsider & Amend Judgment, at 5. South Village cites a Texas Court of Appeals case, In re Gruebel, 153 S.W.3d 686 (Tex. App. 2005), in support of this argument. Gruebel involves an aggrieved neighbor who sought to enjoin demolition of a building in the Nacogdoches historic district because the defendant had not obtained a certificate of appropriateness from the city's historic landmark preservation society. Id. at 690. After the plaintiff filed the action, however, the city amended the applicable ordinance to eliminate the certificate of appropriateness requirement. Id. at 687. Subsequent to the amendment, the trial court dismissed the action as moot because the relief that Gruebel, the plaintiff, was seeking (an injunction requiring the defendant to obtain a certificate) was no longer available. Id. The appellate court affirmed, citing the rule that "no litigant has a vested right in a statute or rule that is remedial or procedural in nature." Id. at 690. Texas, like Vermont, follows the minority rule regarding vested rights. Id.; Myott, 149 Vt. at 575–576. However, neither the Vermont rule, nor the holding in Gruebel, supports South Village's argument. The City of South Burlington has

4

enacted comprehensive amendments to its regulatory scheme that substantially change the standards under which a residential permit is now reviewed. These amendments do not, as South Village argues, merely constitute a remedial change to a "single provision." Therefore, the regulations in effect as of the time South Village filed their complete application govern the parties' pending dispute, which remains very much a live controversy.[3]

For the foregoing reasons, South Village's motion to reconsider and amend is **DENIED**.

Done at Berlin, Vermont this 14th day of September, 2006.

_____
Thomas S. Durkin, Environmental Judge

---

[3] The Vallees' appeal involves several other claims, unrelated to the housing density bonus issue discussed in our July 6 Decision. See Appellants' Statement of Questions, filed Dec. 21, 2005.