*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-474

JANUARY TERM, 2015

| | | |
|---|---|---|
| Nadihusska Leon | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Lamoille Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| Eugenio Leon | } | DOCKET NO. 23-2-12 Ledm |

Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Husband appeals from the trial court's final divorce order. We affirm.

The trial court issued its final divorce order in November 2013. It divided the marital estate, and addressed parental rights and responsibilities. Reviewing the statutory factors, 15 V.S.A. § 665, and its underlying findings, the court concluded that both parents have the ability and disposition to provide the children with love and affection, although husband's criminal convictions support a conclusion that he is less able to provide moral guidance to the children. The court concluded that both parents would provide a safe environment for the children, although husband was willing to condition his support on it being only on his own terms. With respect to each parent's ability to meet the children's developmental needs, the court expressed concern that husband was unable to step back from the pain the divorce has caused him, and that his strongly held opinions about many things, including his wife's conduct, will render him unable to provide neutral presentation to his children. This factor favored wife. For similar reasons, the court found that wife had a greater ability and disposition to foster a positive relationship between the children and husband. The court acknowledged that both parents provided substantial care for the children, but concluded that wife provided somewhat more of the direct hands-on care, was the primary caregiver, and had a good relationship with the children. And the court found that the children have a positive relationship with wife's parents, who live with them and care for them when she is absent. On the basis of these conclusions, the court awarded legal and physical parental rights and responsibilities for the parties' two minor children to wife. Husband appealed from this order.

Husband first asserts that the court erred in extending a relief-from-abuse order. That ruling is not part of the court's final divorce order, and it is not properly before us on appeal.[*] We therefore do not address this argument.

Husband next challenges the court's decision concerning parental rights and responsibilities. He argues that wife was awarded custody of the children because of his "strong feelings that the breakdown in marital relations" was due to wife's infidelity, and that the court "showed improper bias against [him] for his strong feelings." In a related vein, husband asserts that the court should have credited his evidence and awarded sole parental rights to him.

We review the court's decision for abuse of discretion, Myott v. Myott, 149 Vt. 573, 578 (1988), and we find no abuse of discretion here. The court properly considered husband's behavior in making its custody award. Although husband alleged wife had an affair, the court was unable to conclude this had been proven by a preponderance of the evidence. As the court found, regardless of whether wife had an affair, it was husband's controlling behavior toward wife and others that led to the failure of the marriage. Husband was pushy, yelled frequently, and was not a good listener. He called wife derogatory names in front of the children and involved the children in carrying messages to wife, which was harmful to the children. This behavior was clearly relevant to an assessment of the children's best interests, including husband's ability to meet the children's developmental needs, and his ability to foster a positive relationship with wife. See 15 V.S.A. § 665(b). While husband argues that his evidence was more persuasive than that presented by wife, the court concluded otherwise, and we will not disturb its assessment on appeal. Cabot v. Cabot, 166 Vt. 485, 497 (1997) ("As the trier of fact, it [is] the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence.").

Husband also argues that the evidence does not support the trial court's finding that wife was the children's primary caregiver. We disagree. The trial court acknowledged that both parents provided substantial care for both children, and its conclusion that wife provided more direct hands-on care was supported by wife's testimony. Again, while husband points to other evidence, it is the trial court's role to weigh competing testimony and determine the credibility of witnesses. Id.

Husband's remaining arguments are devoid of any citations to the record. He asserts, generally, that the court "took it upon itself to justify the admissibility of [wife's] evidentiary exhibits," and it allowed "vague, unsupported objections to be sustained" over his counsel's objections. As we have repeatedly stated, an appellant bears the burden of demonstrating how the trial court erred warranting reversal, and this Court will not comb the record searching for error. In re S.B.L., 150 Vt. 294, 297 (1988); see also V.R.A.P. 28(a)(4)(A) (providing that appellant's brief should explain what issues are, how they were preserved, and what appellant's

---

[*] A modified final relief-from-abuse order was issued by the trial court on February 11, 2014, in Leon v. Leon, Docket Number 54-4-12 Lefa. Husband appealed from that order to this Court, and the appeal was dismissed in April 2014 due to counsel's failure to file a docketing statement and transcript order form as directed by this Court. We note that the instant appeal was also dismissed and reinstated several times due to counsel's failure to timely file materials.

contentions are on appeal, with citations to authorities, statutes, and parts of record relied on). Husband fails to meet this burden here, and we find no error.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice